MOISE, Justice.
 

 Writs were granted herein under our supervisory jurisdiction to finally review the judgment of the Criminal District Court for the Parish of Orleans denying relator’s demand for dismissal of an indictment for forgery on the plea of three years’ prescription, filed under the provisions of Article 8 of the Louisiana Code of Criminal Procedure, as amended.
 

 Our examination of the record establishes the following facts:
 

 The Grand Jury of the Parish of Orleans returned the indictment (Case No. 121-318) against Oliver F. Bradford on May 21, 1946. The case was originally allotted to Section
 
 "A”
 
 of the Criminal District Court for the Parish of Orleans, and an arraignment was set for May 29, 1946, but was continued to June 5, 1946 by the defendant. On that day the defendant filed a motion to quash, which was fixed for trial on June 14, 1946. On June 14, 1946, the motion to quash was overruled, as were also a demurrer and a motion to elect, which had been presented on that day. On the same date the defendant also submitted an application for a bill of particulars, which was taken under advisement by the court until June 21, 1946. On June 21, 1946 the court deferred judgment on the application for a bill of particulars until June 26, 1946, and on the latter date it further deferred judgment on that application until August 2, 1946. However, no judgment was ever rendered in Section “A”. Under the
 
 *37
 
 provisions of Section 3 of Act 109 of 1948, the case was reallotted on July 3, 1948 to Section
 
 “F”
 
 of the Criminal District Court. The case finally having been called on June 21, 1949, defendant filed a plea of prescrip-' tion, and a hearing thereon was continued
 
 by the
 
 court
 
 because
 
 of other matters 'before it. The minute entry on July 5, 1949 shows that the case was then continued until July 11, on the defendant’s motion. On that day, the plea of prescription was overruled, and the motion for a 'bill of particulars originally filed in Section “A” was denied and the case set for trial on August 30, 1949. On August 24, 1949, defendant applied to this Court for writs of certiorari, prohibition and mandamus. The per curiam handed down on September 1, 1949 by the judge of Section “F” states that the motion for a bill of particulars had interrupted prescription, so that the subsequent plea of three years’ prescription could not be sustained. On September 12, 1949, defendant filed a supplemental application for writs of certiorari, prohibition and mandamus, alleging that the judge of Section “F” (to which this case was reallotted in 1948) had not been fully aware of all the circumstances attendant on the failure of the judge of Section “A” to render an immediate decision on the motion for the bill of particulars filed in 1946. It is stated by defendant that that inaction was prompted by the District Attorney’s advice not to pass on said motion as he intended to prosecute .defendant Bradford on two other indictments, campanion to the indictment prosecuted in this case (No. 121-318). On September 15, 1949, the judge of Section “A” responded to the supplemental application for writs, averring that he was not a legal party to the proceedings, since he had not rendered the ruling or order complained of. On September 21, 1949, the State filed its opposition to the defendant’s application, and on September 27, 1949, defendant answered the opposition and made a supplemental application for writs of certiorari, prohibition and mandamus involving the two companion cases, Nos. 121-265 and 121-317. These cases are not before us as no record has been sent up.
 

 The issue presented to us for determination in the instant case is the correctness of the trial judge’s ruling that defendant’s motion for a bill of particulars, filed on June 14, 1946, interrupted the running of three years’ prescription on the indictment. Article 8 of the Code of Criminal Procedure provides in part as follows:—
 

 “In felony cases when three years elapse from the date of finding an indictment, or filing an information, and in all' other cases when two years elapse from the date of finding an indictment, or filing an information or affidavit, it shall be the duty of the district attorney to enter a nolle prosequi if the accused has not been tried, and if the district attorney fail or neglect to do so, the court may on motion of the defendant or his attorney cause such nolle prosequi
 
 *39
 
 to be entered the same as if entered by the district attorney.
 

 “Nothing in this article shall apply or extend to an accused person who has absconded, or who is a fugitive from justice or who has escaped trial through dilatory pleas, or continuances obtained by him or in his behalf. (As amended, Acts 1935 (2nd E.S.), No. 21, § 1; 1942 No. 147, § 1.)”
 

 The State vigorously urges objection to the sustaining of the plea of prescription by contending that the accused has escaped trial through dilatory pleas and continuances obtained by him or in his behalf; and secondly, that the plea of prescription should not be sustained because the defendant has waived his right to a speedy public trial by not demanding same.
 

 Both of these pleas must be considered in the light of the Bill of Rights of the Constitution of the State and the interpretation to be placed thereon. In considering the provisions of the article of our Constitution which provides for a speedy trial, we must also look into the intent of the original Bill of Rights — the guarantee of protection to individual citizens from arbitrary methods of prosecution and trial. The right of a speedy trial is a direction to the government and its agents to carry into effect such a provision in the interest of the accused, as well as a privilege granted to the accused. Thus, we have a twofold objective — the State
 
 must proceed
 
 and the accused
 
 can demand.
 
 The accused’s failure to assert his right does not relieve the State from its obligation of proceeding. The former’s right is so correlated with the latter’s obligation that a consideration of either involves a discussion of both.
 

 An accused must be informed of the nature and character of the charge made against him, and the charge must be clearly set forth, before he can answer thereto by pleading his innocence or guilt. Under our Criminal Code, we have adopted a short form of indictment. The plea for a bill of particulars must necessarily be construed and considered in connection with the demand to be informed as to the nature and character of the charge. It relates to a matter of substance and a constitutional right. However, there is no need for a discussion on this point because the record clearly reveals that from June 14, 1946, the date of the alleged interruption by the filing of the motion for a bill of particulars, until June 21, 1949, the date the case was finally called, a period of more than three years had elapsed during which neither prosecution nor defense did anything in this matter. Certainly, the defendant had no control over the prosecution’s inaction. There was nothing he could do; he had filed a motion for a bill of particulars to be informed of the nature and character of the offense, and he did not even have to plead to his guilt or innocence until that was furnished.
 

 We do not find from the facts of this case that the defendant comes within the
 
 *41
 
 exception of Article 8 of the Code of Criminal Procedure, which provides:
 
 “Nothing in this article shall apply or extend to an ■accused person
 
 * * *
 
 who has escaped trial through dilatory pleas, or continuances obtained by
 
 him or in his behalf.” (Italics mine) so as to prevent him from obtaining relief against prosecution beyond the prescriptive date of three years.
 

 A motion for a bill of particulars in a criminal case could not be termed as dilatory by its nature, because it is a necessary adjunct to the use of the short form of indictment to prevent the violation of the constitutional rights of an accused. The failure to act for whatever reason by a court or by a district attorney or by both should not be resolved as a matter of omission and fault of a defendant.
 

 For the reasons assigned, the ruling of the trial judge is reversed and set aside, and the defendant’s plea of prescription of three years is sustained, and it is ordered that a peremptory writ of prohibition issue herein, directed to Hon. Niels F. Hertz, Judge of Section “F” of the Criminal District Court for the Parish of Orleans, prohibiting further proceedings in the prosecution complained of, and that the charge against Oliver F. Bradford be nolle prosequied.
 

 HAWTHORNE, J., dissents and assigns written reasons.
 

 McCALEB, J., concurs in the decree.
 

 HAMITER, J., dissents for the written reason assigned by HAWTHORNE, J.