The appellant having failed to make an appearance in this court or to file a brief in support of his appeal, the appeal will be dismissed. See Grand Lodge of Louisiana v. Natchitoches Lodge, 215 La. 300, 40 So. 2d 472, and cases therein cited; Birdwell v. Birdwell, 217 La. 671, 47 So.2d 41; Myra Hayes v. Petry, 218 La. 730, 50 So.2d 821; Frey v. Ingram, 219 La. 159, 52 So.2d 531.

For the reasons assigned, the appeal is dismissed.

53 So.2d 244

**STATE v. BRADFORD.**

No. 40024.

May 28, 1951.

M. E. Culligan, Jr., for relator.

Bolivar E. Kemp, Jr., Atty. Gen., Severn T. Darden, Dist. Atty., Allen R. Fontenot, and Peter J. Compagno, Asst. Dist. Attys., for respondent.

McCALEB, Justice.

When this case was submitted for our decision, we were under the impression that it had been brought here on appeal from the Criminal District Court as it had been fixed for argument as an ordinary appeal in a criminal case. However, since taking the matter under advisement, we discover that it is neither here on appeal nor on writ of mandamus, certiorari or prohibition under our supervisory jurisdiction, but that the trial judge has filed the transcript in this court under the erroneous impression that the case, which was heretofore remanded for the taking of further evidence and decision, is still pending in in this court by virtue of the writs previously issued.

Bradford was indicted on May 21st 1946 for forgery. After certain pleas filed by him had been overruled, he made applica-tion for a bill of particulars which was taken under advisement by the court on June 14th 1946. Thereafter, no further action was taken in the matter by the State until June 21st 1949, when the case was called for trial before Section "F" of the Criminal District Court to which it had been reallotted in compliance with the provisions of Section 3 of Act 109 of 1948, LSA–RS 13:1343. On that date, defendant filed a plea of prescription under Article 8 of the Code of Criminal Procedure, LSA–RS 15:8, contending that over three years had elapsed from the filing of the indictment without any action being taken by the district attorney to bring the case to trial. The State opposed the plea on the ground that, since defendant had interposed a dilatory plea, i.e., a bill of particulars, the three year prescription was inapplicable as there was no duty upon it to bring the case to trial as long as defendant's motion had not been disposed of by the judge. After a hearing, the judge overruled the plea of prescription and defendant timely applied for writs of certiorari, prohibition and mandamus which were granted by this court. Upon submission of the question here, it was held, on first hearing, that the judge had erred in overruling the plea of prescription and it was ordered that the writs be made peremptory and that the charge against defendant be nolle prosequied. See State v. Bradford, 217 La. 32, 45 So.2d 897. However, a rehearing was granted and

our previous ruling reversed. On the rehearing, we found that the validity of defendant's plea of prescription depended upon whether the delay in bringing the case to trial was due to the judge's neglect to rule on defendant's motion for a bill of particulars or whether, as contended for by defendant, it was attributable to the act of the district attorney in requesting the court to withhold its ruling on the motion. And the case was accordingly remanded to the district court for further proceedings, conformable with the views we expressed. See 217 La. 42, 45 So.2d 900.

On the remand to the trial court, the pertinent evidence respecting fault in the premises was adduced and a transcript was made of the proceedings. But the judge, acting under the misapprehension that he was merely a commissioner to take testimony, did not render a decision on the plea after hearing the evidence. Instead, he filed in this court, on June 19th 1950, the transcript of proceedings on the remand, evidently under the belief that we would pass final judgment on the plea of prescription. However, counsel for defendant, recognizing that, under our decree, it was necessary for the judge to rule on the plea of prescription, filed a motion suggesting that the transcript of the proceedings be returned to the trial court for its decision. After considering this motion, the Chief Justice entered an order, on October 16th 1950, returning the transcript to the trial judge so that he might "determine from the evidence if he can the cause of the delay in ruling on defendant's motion for a bill of particulars and to whom the fault of such delay may be attributed, and, finally, to render his ruling on the plea of prescription that has been filed in the case."

In compliance with this order, the judge reviewed the evidence and found that the delay in ruling on the motion for a bill of particulars was chargeable to the prosecution but he nevertheless overruled the plea of prescription. And, after announcing his ruling, the judge, still laboring under the impression that the cause was pending in this court, ordered that the transcript of all proceedings be transmitted to us.

It is plain that the record of the proceedings below has been improperly lodged here. The jurisdiction if this court is mainly appellate, our original jurisdiction being limited to disbarment cases, suits for removal of judges and the determination of questions of fact affecting our appellate jurisdiction. Section 10, Article 7 of the Constitution. We also are vested with general supervisory jurisdiction over all inferior courts and it was by virtue of these powers that the remedial writs were heretofore issued in this case. However, as a tribunal of last resort, it is impossible for the court to review a ruling of an inferior court except on appeal or on writs of certiorari, mandamus or pro-

hibition issued on application of the complaining party

The case is not under our jurisdiction at the present time. It was remanded for the purpose of hearing particular evidence and decision thereon. The evidence has been taken, decision rendered and the matter remains within the jurisdiction of the trial court for such other proceedings as may be appropriate. It can only reach this court again on writs issued upon application duly made or by appeal from a final judgment.

For the foregoing reasons, the transcript of the proceedings in this cause is ordered returned to the Criminal District Court for the Parish of Orleans.