PONDER, Justice.
We have considered this case on two other occasions. On the original hearing, we sustained a plea of prescription and ordered the defendant discharged. On rehearing, we set aside the decree and remanded the case to the district court for the purpose of determining the cause of the delay in the ruling on the bill of particulars and -to ascertain whose fault it was that it had not been acted on before. See State v. Bradford, 217 La. 32, 45 So.2d 897. The facts were fully recited in our previous opinions in this case. State v. Bradford, supra. We will only recite the facts necessary to determine the cause of the delay in the ruling on the bill of particulars and to determine the reason it had not been acted upon until a late day. All other questions have passed out of the case.
The defendant was indicted on May 21, 1946. The motion for a bill of particulars was filed on June 14, 1946. The motion was set to be heard on June 21, 1946, re-set to be heard June 26, 1946 and re-set to be heard August 2, 1946. No further action was taken until August 30, 1949, at which time the motion was denied.
On trial of the case, after it was remanded, the lower court overruled the plea of prescription. However, in the written reasons handed down for' judgment, the lower court arrived at the conclusion that the cause of the delay in ruling on defendant’s motion for a bill of particulars was due to the fact that on each occasion, when the motion was scheduled to be heard in court, that the prosecution showed no intention or desire to present its opposition, thereby preventing the trial judge from considering the question as being presented for judicial determination. The lower court reached the further conclusion that the trial judge was informed by the prosecution that he need not pass judgment on the defendant’s motion for a bill of particulars as the original charge would never be tried against the defendant because of a better case the prosecution had against the defendant in another division of the court. We have examined the testimony adduced on the trial *1093 and have arrived at the same conclusion. It appears from the evidence that the defendant and his counsel appeared on each occasion, when the motion was set for hearing, and that the delay was caused by the refusal of the officer in charge of the prosecution to present its opposition to the motion and by the statement of this officer to the effect that the defendant would not be prosecuted under the charge.
The lower court, irrespective of its finding that the delay was caused by the fault of the prosecution, overruled the plea of prescription on the ground that the motion for a bill of particulars interrupted prescription. Our opinion, remanding the case, was evidently misunderstood. If we had thought that the pendency of the motion was sufficient to interrupt prescription, there would have been no occasion to remand the case to determine the cause of delay or why the motion had not been timely disposed of.
For the reasons assigned, the ruling of the trial judge is reversed and set aside. The plea of prescription is sustained. It is now ordered that a writ of prohibition issue herein, directed to Honorable Niels F. Hertz, Judge of Section “F” of the Criminal District Court for the Parish of Orleans, prohibiting further proceedings in the prosecution complained of, and the charge against Oliver F. Bradford is hereby nolle prosequied.