HAWTHORNE, Justice.
This is an appeal by the State from a judgment of the lower court entering a nolle prosequi as to both defendants. The pertinent facts in this case are as follows:
On September 21, 1951, a bill of information was filed charging these defendants with unlawfully possessing narcotics, a felony denounced by R.S. 40:962. The defendants were arraigned on October 15, 1951, but the case was not fixed for 'trial until September 30, 1954. On this date each defendant appeared and filed a plea of prescription, contending that more than three years had elapsed from the date of the filing of the information without their having been tried, and that the charge against them should be dismissed.[1] The trial judge maintained defendants’ plea of prescription over the State’s opposition, ordered a nolle prosequi entered in each case, and discharged both defendants. The State objected to this ruling and reserved a bill of exception.
It is defendants’ contention in this court that Article 8 of the Code of Criminal Procedure, R.S. 15:8, controls the instant case. The State, on the other hand, argues that Article 9 of the Code of Criminal Procedure, R.S. 15:9, alone applies to this case because of the fact that on October 15, 1951, the State took a prosecutive step when it arraigned the defendants. The State’s theory is that the arraigning of defendants started the running of a new three-year prescriptive period under Article 9, and thus the district attorney had until October 15, 1954, to bring defendants to trial. In the alternative the State argues that the provisions of Articles 8 and 9 can be read and construed together. Under either argument, the State contends, the lower court erred in causing a nolle prosequi to be entered.
After careful consideration we have come to the conclusion that there is no merit in either of the State’s theories.
*428 The pertinent provisions of Article 8 of the Code of Criminal Procedure read as follows:
“ * * * In felony cases when three years elapse from the date of finding an indictment, or filing an information, and in all other cases when two years elapse from the date of finding an indictment, or filing an information or affidavit, it shall be the duty of the district attorney to enter a nolle prosequi if the accused has not been tried, and if the district attorney fail or neglect to do so, the court may on motion of the defendant or his attorney cause such nolle prosequi to be entered the same as if entered by the district attorney [2]
"Nothing in this article shall apply or extend to an accused person who has absconded, or who is a fugitive from justice or who has escaped trial through dilatory pleas, or continuances obtained by him or in his behalf.”
It is important to note that this last paragraph of Article 8 provides how the three-year prescriptive period set forth in the preceding paragraph can be interrupted. It is significant that the acts of the accused which prevent the running .of prescription are set forth explicitly, but that nowhere in this paragraph is a prosecutive step by the State made a cause for the interruption of this three-year prescriptive period.. This is understandable if the purpose of Article 8 is borne in mind.
Consequently, under the provisions of Article 8, if in a felony case three years elapse from the date of the filing of a bill of information without the defendant’s having been brought to trial or having done any act which would interrupt prescription, it becomes the duty of the district attorney to enter 'his nolle prosequi, and, if the district attorney fails to do so, the court may cause a- nolle prosequi to be entered' on motion of the defendant. Article 8, by using the word may rather than the word íWÍ, leaves this decision to the discretion of the trial judge. This is as it should be. It is conceivable that three years could elapse after the filing of a bill of information without the defendant’s being brought to trial, and that the district attorney would refuse to-enter a nolle prosequi because he felt that there was a valid reason for the State’s-delay. If the trial judge on motion of the defendant rules the district attorney to show cause why a nolle prosequi should not be entered, and after hearing decides that the trial of the accused has been delayed for a justifiable reason, the court can refuse to enter a nolle prosequi.
Article 9 of the Code of Criminal Procedure provides:
*430 “Whenever it shall have been established to the satisfaction of any court in which any criminal prosecution shall be pending that the prescriptive periods as herein provided have elapsed since the last date upon which any steps shall have ■ been taken by the state in such prosecution, and that the district attorney has not entered his nolle prosequi,[3] the court shall order the dismissal of said prosecution, and the same shall not thereafter be revived »
It is clear that under Article 9 the court has no discretion, for this article uses the mandatory shall rather than the permissive may of Article 8. Moreover, under the provisions of Article 9, if three years elapse after the State takes a prosecutive step in a felony case, and if during those three years the defendant has not been brought to trial and has not interrupted prescription, the charge pending against the defendant must be dismissed by the court and can never be revived, provided the district attorney has not entered a nolle prosequi.
 In our view there is no conflict between the provisions of Articles 8 and '9. We do not, however, agree with the State’s alternative theory that the two articles can be read together and that Article 9 can be viewed as merely the procedural vehicle for applying Article 8. On the contrary, we are of the opinion that these two articles were drawn up to take care of two different situations. -Article 8 obviously deals with a three-year period following the filing of a bill of information, whereas Article 9 just as obviously deals with a three-year period following a prosecutive step by the State. Whether the defendant can be recharged if either the district attorney or the court enters a nolle prosequi when the three-year period of Article 8 has elapsed is not clear, and moreover is a question which this court need not decide at this time. On the other hand Article 9 plainly states that a defendant cannot be recharged if •the court dismisses the prosecution pending against him under the provisions of that article.
When the defendants filed their . plea of prescription in the instant case, three years had not passed since the State had taken its last prosecutive step, and therefore Article 9 could not apply.[4] However, three years had passed since the information had been filed against the defendants, and for this reason it is clear that this case is controlled by the provisions of the third paragraph of Article 8. Thus the only question presented by this *432 appeal is whether the trial judge abused his discretion by causing a nolle prosequi to be entered. There is nothing in the record in this case or in the State’s appeal brief which would indicate that the trial judge abused his discretion under this article.
In brief filed in this court, however, the State argues that, even if the nolle prosequi in the instant case was correctly entered by the trial judge under the provisions of Article 8, the defendants have gained nothing because the State can instanter, or any time within the year, file another information against these same defendants based on the same facts.[5] In making this point the State relies on paragraph 2 of Article 8, which provides:
“ * * * if any * * * indictment, information or affidavit be quashed, annulled or set aside, or a nolle prosequi be entered, prescription of one year and six months, respectively, as above provided, shall begin to run against another indictment, information or affidayit based on the same facts, only from the time that said original indictment, information or affidavit was quashed, set aside, annulled or nolle prosequied.”
Anything we say on this point is of course obiter dicta. Apparently paragraph two of Article 8 applies to a nolle prosequi entered because of some real defect or insufficiency in the indictment or bill of information, or for some other valid reason. It is clear, however, that the purpose of the third paragraph of Article 8 is “to enforce the right of an accused to a speedy trial and to prevent the oppression of citizens by suspending criminal prosecutions over them for an indefinite time as well as to prevent delays in the administration of justice by imposing on judicial tribunals an obligation of proceeding with reasonable dispatch in the trial of criminal accusations.” State v. Theard, 203 La. 1026, 14 So.2d 824, 825.
The judgment appealed from is affirmed.

. It was also alleged by defendants that since the -filing of the information they had -been within the jurisdiction of -the court, had not absconded or been fugitives from justice, and bad filed no dilatory pleas, and these allegations were conceded by the State.

. In the instant case defendants were charged by information with having committed a felony, and therefore we shall be speaking of “a bill of information” and “the three-year period” - throughout this opinion. ■

.- These are-obviously the prescriptive periods and the nolle prosequi set forth in the third paragraph of Article 8 discussed above.

. Of course, if the State had not arraigned defendants, on October 15, 1951, the filing of the bill of information on September 21, 1951, would have been the last prosecutive step taken by the State, and Article 9 would apply.

. The logical implication of this argument is that the filing of the new information would start the running of a new three-year prescriptive period.