89 So.2d 754

**STATE of Louisiana**

**v.**

**John TRUETT.**

No. 42443.

Nov. 7, 1955.

On Rehearing March 26, 1956.

Opinion of Chief Justice Fournet

April 2, 1956.

On Second Rehearing June 29, 1956.

Racivitch, Johnson, Wegmann & Mouledoux, William J. Wegmann and Guy Johnson, New Orleans, for appellant.

Fred S. LeBlanc, Atty. Gen., Michael E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Adrian G. Duplantier, First-Asst. Dist. Atty., John P. Nelson, Jr., Asst. Dist. Atty., New Orleans, for appellee.

MOISE, Justice.

This is an appeal by the State of Louisiana from a judgment of the Criminal District Court for the Parish of Orleans, Section "B", which sustained defendant's plea of prescription to a bill of information charging him with possession of narcotics, a crime denounced by LSA–Revised Statutes, 40:962.

The pertinent chronological facts of the case are as follows:

July 20, 1951 —An affidavit was filed.
July 24, 1951 —A bond was furnished by defendant.

August 9, 1951—A bill of information was filed.

Sept. 5, 1951 —Arraignment was continued on motion of the State.

Sept. 17, 1951 —Arraignment was continued on motion of the defense.

April 30, 1952 —Defendant was arraigned and pleaded "Not Guilty".

May 19, 1952 —On application of the defense, the court ordered that the plea of "Not Guilty" be set aside for the purpose of permitting the defense to file applications for a bill of particulars, motion for a preliminary hearing, and a motion for a plea to the jurisdiction.

April 6, 1955 —The plea of prescription was filed by defendant.

April 25, 1955 —The State filed its answer to the preliminary pleas made by the defendant, and the trial court sustained the plea of prescription.

To the facts we must apply the law. There are two statutes on the subject— 15:8 and 15:9. A careful reading will show that the former is discretionary and that the latter is mandatory.

LSA–Revised Statutes, 15:8 reads:

"In felony cases when three years elapse from the date of finding an indictment, or filing an information, and in all other cases when two years elapse from the date of finding an indictment, or filing an information or affidavit, it shall be the duty of the district attorney to enter a nolle prosequi if the accused has not been tried, and if the district attorney fail or neglect to do so, the court may on motion of the defendant or his attorney cause such nolle prosequi to be entered the same as if entered by the district attorney.

"Nothing in this article shall apply or extend to an accused person who has absconded, or who is a fugitive from justice or who has escaped trial through dilatory pleas, or continuances obtained by him or in his behalf."

LSA–Revised Statutes, 15:9 reads:

"Whenever it shall have been established to the satisfaction of any court in which any criminal prosecution shall be pending that the prescriptive periods as herein provided have elapsed since the last date upon which any steps shall have been taken by the state in such prosecution, and that the district attorney has not entered his nolle prosequi, the court shall order ths dismissal of said prosecution, and the same shall not thereafter be revived;

provided, that unless the defendant had posted requisite appearance bond, the prescription established in Art. 8 hereof shall be interrupted by the absence of the defendant from the jurisdiction of said court without the written consent of the court first obtained and entered upon the minutes, or filed in the records of the cause; provided, further, that the burden of proving the accruing of the prescription herein established shall in all cases rest upon the person alleging the same."

Article 15:8 is discretionary by its very terms. Here we must first determine whether the trial judge abused his discretion. It is the State's contention that under Article 15:8, the defendant interrupted prescription on May 19, 1952 by filing an application for a bill of particulars, a motion for a preliminary hearing and a plea to the jurisdiction. We do not believe that the filing of a motion for a bill of particulars interrupted prescription. This is particularly true in view of our recent pronouncement in the case of State v. Bradford, 219 La. 1090, 55 So.2d 255, 256:

"The lower court, irrespective of its finding that the delay was caused by the fault of the prosecution, overruled the plea of prescription on the ground that the motion for a bill of particulars interrupted prescription. Our opinion, remanding the case, was evidently misunderstood. If we had thought that the pendency of the motion was sufficient to interrupt prescription, there would have been no occasion to remand the case to determine the cause of delay or why the motion had not been timely disposed of."

The motion for a preliminary hearing and the plea to the jurisdiction, levelled at the constitutionality of the statute under which the defendant was charged, are preliminary pleas and are not such as were contemplated by LSA–Revised Statutes, 15:8. They were not taken by the defendant for the purpose of escaping trial and thus did not have the effect of interrupting prescription. To be exact, the State never set this case for trial. These pleas remained on the docket from the date of their filing, May 19, 1952, until April 25, 1955 before any notice was taken of them.

Therefore, under LSA–Revised Statutes, 15:8, we do not think that the trial judge abused his discretion in sustaining the plea. Three years had elapsed between September 17, 1951 (the date of the continuance of the arraignment secured by the defense) and April 6, 1955 (the date the plea of prescription was filed). More than three years had elapsed since the filing of the bill of information.

The State further contends that under LSA–Revised Statutes, 15:9 the prescrip-

tive period of three years in felony cases runs from the date of the last prosecutive step taken by the State; that in the instant case the defendant was arraigned on April 30, 1952, less than three years from the date of the filing of the plea of prescription.

This contention of the State is without merit, for the reason that the Court ordered the withdrawal of the plea of "Not Guilty" on May 19, 1952. It was ordered, not for the purpose of in any way retarding the trial, but for the purpose of allowing the defendant to file pleas which he had a right to assert, when permission of the Court is given. There was no abuse of discretion by the trial judge in permitting the withdrawal. See, State v. Shropulas, 164 La. 940, 114 So. 844; LSA–R.S. 15:-265; State v. Iseringhausen, 204 La. 593, 16 So.2d 65.

The arraignment having been vacated, it became the duty of the State to answer the pleas with dispatch instead of remaining inactive until April 25, 1955. Since three years elapsed between September 5, 1951 (the date of the continuance of the arraignment by the State) and April 6, 1955 (the date the plea of prescription was filed), it was the mandatory duty of the trial judge, under LSA–Revised Statutes, 15:9, to order the nolle prosequi.

In the case of State v. Bradley, 227 La. 421, 79 So.2d 561, 563, which is conclusive as to the issue here, we said:

"It is clear that under Article 9 the court has no discretion, for this article uses the mandatory shall rather than the permissive may of Article 8. Moreover, under the provisions of Article 9, if three years elapse after the State takes a prosecutive step in a felony case, and if during those three years the defendant has not been brought to trial and has not interrupted prescription, the charge pending against the defendant must be dismissed by the court and can never be revived, provided the district attorney has not entered a nolle prosequi."

We quote, with approval, from a memorandum of defendant's counsel in support of the plea of prescription:

"It seems clear from the Court's decision in the Bradford and Bradley cases [219 La. 1090, 55 So.2d 255; 227 La. 421, 79 So.2d 561] that the State must show a prosecutive step. We submit to the Court that the Truett case on its face shows no such prosecutive step. The matter has never been set for trial; the defendant has never been notified for trial; and in fact, at this time has not received a notice that the case has been set for trial.

"On the contrary, the only steps which have been taken in this particular prosecution is an arraignment

which was continued on one occasion by the State and on another occasion by the defense, the defense continuance being occasioned by his attorney's absence from the city. A subsequent arraignment date where the defendant entered a plea of not guilty. Finally, the filing of certain pleadings by the counsel for the defendant. Surely, none of these steps indicate an intent or can be described by the State as a prosecutive step.

"On the contrary, the defendant has been prosecuted actively, vigorously and with dispatch in Section 'F' of the Criminal District Court. This prosecution was in effect for the same crime which the defendant is called upon to answer for in this section of Court. (Defendant was acquitted in Division "F" by a jury trial.) That the only reason the District Attorney has not vigorously prosecuted Truett in this particular case is because he made his election to try Truett upon the facts of the Section 'F' case which he felt to be the stronger and the better of the two prosecutions.

"We submit to the Court that the record on its face is prescribed and defendant should be released without bond, it being clear that the State has taken no prosecutive steps."

For the reasons assigned, the judgment of the trial court ordering the nolle pros-

equi of the bill of information filed against John Truett for a violation of LSA–Revised Statutes, 40 :962 is affirmed.

HAMITER, J., dissents.

McCALEB, Justice (dissenting).

I do not believe that the plea of prescription is well founded. It is not maintainable under R.S. 15 :8 for the reason that the course of prescription was interrupted on May 19, 1952 when defendant filed application for a bill of particulars. It was held on rehearing, in State v. Bradford, 217 La. 32, 45 So.2d 897, that a motion for a bill of particulars is a dilatory plea within the meaning of the proviso contained in the second paragraph of R.S. 15 :8. Therefore, the prescription therein provided has never accrued in this case.

Nor has the prescription specified by R. S. 15 :9 completed its course. This is because three years had not elapsed on April 6, 1955 (when the plea was filed) from April 30, 1952, the date of defendant's arraignment, which was the last prosecutive step taken by the State.

That the calling of the accused for arraignment is a step in the prosecution has been recognized in our recent decision in State v. Bradley, 227 La. 421, 79 So.2d 561. And it will not do to say, as the majority apparently holds, that the allowance by the court of a withdrawal of the plea of not guilty annulled the prior action of the

State. Whereas the withdrawal of the plea unquestionably voided the arraignment, it could not nullify the fact that the State had called the defendant for arraignment, thus taking an affirmative step in the prosecution which is to be given consideration in determining whether prescription has accrued.

I respectfully dissent.

HAWTHORNE, Justice (dissenting).

It is my view that the plea of prescription filed by the defendant John Truett is not well founded under the provisions of either R.S. 15:8 or R.S. 15:9.

Under Article 8 of the Code of Criminal Procedure, R.S. 15:8, when three years elapse in a felony case from the date of the filing of the bill of information without the accused being tried, the court may cause a nolle prosequi to be entered. Under the provisions of the last paragraph of this article, however, it is specifically provided that nothing in the article shall apply to an accused person who *has escaped trial through dilatory pleas*. In the instant case an information was filed against defendant on August 9, 1951. On May 19, 1952, less than three years from the date of the filing of the bill of information, defendant filed a motion for a bill of particulars, a motion for a preliminary hearing, and a plea to the jurisdiction. The motion for a preliminary hearing and the motion for a bill of particulars had the effect of retarding the progress of the prosecution and are therefore dilatory in nature. See State v. Bradford, 217 La. 32, 45 So.2d 897 (on rehearing). Consequently R.S. 15:8 is not applicable in the instant case since three years had not elapsed between the date of the filing of these dilatory pleas by defendant and the date of the filing of his plea of prescription on April 6, 1955.

Article 9 of the Code of Criminal Procedure, R.S. 15:9, is also without application in the instant case. This article pertinently provides: "Whenever it shall have been established to the satisfaction of any court in which any criminal prosecution shall be pending that the prescriptive periods as herein provided have elapsed *since the last date upon which any steps shall have been taken by the state in such prosecution,* * * * the court shall order the dismissal of said prosecution * * *." (Emphasis mine.) On April 30, 1952, the accused was arraigned and pleaded not guilty. Arraignment is obviously a step in the prosecution. The action of the court on May 19, 1952, permitting the accused to withdraw his plea of not guilty did not affect the fact that the accused was arraigned by the State or that this arraignment was a step in the prosecution. Therefore, since three years had not elapsed between the date of the arraignment and the date the plea of pre-

scription was filed by defendant, prescription had not accrued under R.S. 15:9.

I respectfully dissent.

## On Rehearing

SIMON, Justice.

This case is before us on a rehearing granted the appellant, State of Louisiana, for a review of the majority opinion wherein we affirmed the lower court's judgment sustaining defendant's plea of prescription to a bill of information charging him with possession of narcotics in violation of LSA–R.S. 40:962.

The bill of information was filed on August 9, 1951. On April 30, 1952, defendant was arraigned and pleaded "Not guilty". On May 19, 1952, the defendant moved for and obtained the permission of the court to withdraw his plea of "Not guilty", and in lieu thereof thereupon filed·a motion for a bill of particulars, a motion for a preliminary hearing, and a plea to the jurisdiction of the court. No further action was taken in this matter until defendant filed a plea of prescription on April 6, 1955, based on the fact that three years had elapsed from the date of the filing of the bill of information without the accused having been tried. On April 25, 1955, the State filed its memorandum in answers to the defendant's respective pleas ·and motions.

·After a hearing, the trial court sustained · the plea of prescription and ordered a nolle· prosequi entered in this cause, discharging the accused. The State appealed.

On the original hearing of this case on appeal we held that the filing by defendant of a motion for a bill of particulars was not such a dilatory plea as would interrupt prescription under LSA–R.S. 15:8; and we cited the case of State v. Bradford, 219 La. 1090, 55 So.2d 255, 256. The pertinent language referred to and relied upon by us was:

"* * * If we had thought that the pendency of the motion [motion for a bill of particulars] was sufficient to interrupt prescription, there would have been no occasion to remand the case to determine the cause of delay or why the motion had not been timely disposed of."

Though this quotation implies that the motion for a bill of particulars does not interrupt prescription, this expression by the court was not responsive to any issue nor necessary to the decision of the case and does not embody the resolution or determination of the court.

In the case of State v. Bradford, 217 La. 32, 45 So.2d 897, on rehearing, we held that a motion for a bill of particulars is a dilatory plea within the intendment of LSA–R.S. 15:8, which is still a sound principle of law. We overruled the plea of three-year prescription under the factual

circumstances of that case and remanded it for proceeding in accord with the views expressed. ·Upon trial and conviction, the defendant appealed, 219 La. 1090, 55 So.2d 255, which appeal presented for determination the cause of the delay in the ruling on the motion filed by defendant for a bill of particulars and to ascertain whose fault it was that it had not been previously acted upon. We took cognizance of the fact that all other questions had passed out of the case. Therefore, this case is authority only for the limited issue thus stated; and the expression in the opinion relative to the bill of particulars is obiter dictum, and was in nowise necessary ·to the decision of the case.

Expressions found in opinions of the Supreme Court cannot be given the effect of authoritative rulings on questions not involved in the particular cases respectively dealt with. American Surety Co. v. U. S., 5 Cir., 239 F. 680, 152 C.C.A. 514; State v. Simpson, 157 La. 614, 102 So. 810; State v. Todd, 173 La. 23, 136 So. 76; Graham v. Jones, 198 La. 507, 3 So.2d 761; Du Bell v. Union Central Life Ins. Co., 211 La. 167, 29 So.2d 709. Therefore, under no circumstances can any obiter dictum contained in our opinion on appeal in the Bradford case, 219 La. 1090, 55 So. 2d 255, be held to reverse, change or modify the sound principle of law expressed in State v. Bradford, 217 La. 32, 45 So.2d 897, 901, on rehearing, "that the application or motion for a bill of particulars was such a dilatory plea as was intended under Article 8 of the Code of Criminal Law and Procedure * * *", the issue being whether the bill of particulars was a dilatory plea, the filing of which constituted an interruption of prescription.

Pleas of prescription filed by defendants in criminal cases must be considered in the light of the provisions of LSA–R.S. 15:8, which deals with a three-year period following the filing of a bill of information, and LSA–R.S. 15:9, which deals with a three-year period following a prosecutive step by the State.

Under LSA–R.S. 15:8, if in a felony case three years elapse from the date of filing of a bill of information, without the defendant having been brought to trial or having done any act which would interrupt prescription, it becomes the duty of the district attorney to enter a nolle prosequi; and, if the district attorney fail or neglect to do so, the court may, on motion of the defendant, cause such nolle prosequi to be entered. The provisions of this article, however, do not avail an accused who has escaped trial through dilatory pleas.

In the case at bar, Truett was charged in an information filed on August 9, 1951. On May 19, 1952, he filed a motion for a bill of particulars, a motion for a preliminary hearing, and a plea to the jurisdiction. The motions for a bill of particulars and

for a preliminary hearing, being dilatory pleas, had the legal effect of retarding the progress of the prosecution and interrupted prescription. Manifestly, three years had not elapsed from the date of the filing of the dilatory pleas on May 19, 1952, to the date of the filing of the plea of prescription on April 6, 1955; and of necessity the provisions of LSA-R.S. 15:8 do not apply, and the prescription therein provided for is not available to the defendant.

Under the provisions of LSA-R.S. 15:9, if three years elapse after the State takes a prosecutive step in a felony case, and if during those three years the defendant has not been brought to trial and has not interrupted prescription and the district attorney has not entered his nolle prosequi, it is mandatory upon the court to order its dismissal, and the same shall not thereafter be revived.

In the case at bar, three years had not elapsed between the date of the defendant's arraignment, April 30, 1952, being the last prosecutive step taken by the State, and the date on which the plea of prescription was filed by defendant, April 6, 1955; and, therefore, the prescription of three years provided for under LSA-R.S. 15:9 does not apply.

In the recent case of State v. Bradley, 227 La. 421, 79 So.2d 561, we held that the calling of the accused for arraignment is a step in the prosecution and constitutes an interruption of prescription.

In our original opinion herein, the majority holding sustains the contention of defendant that his withdrawal of the plea of "Not guilty" on May 19, 1952, so that he could file the aforestated motions and plea, constituted a vacating and nullification of the arraignment on April 30, 1952, and that, therefore, such arraignment was not a step in the prosecution by the State. Upon a reconsideration of this pronouncement, we are constrained to hold that we were in error.

We now conclude that the withdrawal of the plea of "Not guilty" upon the motion of the defendant to exercise his legal and beneficial right to file such motions and pleas as were available to him did not nullify the prosecutive step taken by the State through the arraignment of this defendant, without which there could not have been a prosecution of the charge. To hold otherwise would illegally afford the defendant control over the ability of the State to take an effective prosecutive step for a period long enough to toll the prescriptive period.

Accordingly, for the reasons assigned, it is ordered that the former judgment herein be reversed, set aside and annulled; and it is now further ordered that this case be remanded to Section "B" of the Criminal District Court for the Parish of Orleans to be proceeded with in accordance with the views herein expressed.

HAMITER, J., concurs in the decree.

PONDER, J., dissents.

MOISE, Justice (dissenting).

I cannot subscribe to the majority view that the case of State v. Bradford, 219 La. 1090, 55 So.2d 255 (on rehearing), is not controlling here, and that the mere filing of a motion for a bill of particulars in itself interrupts the tolling of prescription provided in LSA–Revised Statute 15:8, declaring:

"In felony cases when three years elapse from the date of finding an indictment, or filing an information * * it shall be the duty of the district attorney to enter a nolle prosequi if the accused has not been tried, and if the district attorney fail or neglect to do so, the court may on motion of the defendant or his attorney cause such nolle prosequi to be entered the same as if entered by the district attorney."

Then, there is the further provision:

"Nothing in this article shall apply or extend to an accused person * * who has escaped trial through dilatory pleas, or continuances obtained by him or in his behalf."

While it is true that when the Bradford case, supra, was originally appealed here, on rehearing, this Court compared a motion for a bill of particulars to a plea of vagueness in a civil suit, and we did state in the course of the opinion that a bill of particulars was such a dilatory plea that was intended under Article VIII of the Louisiana Code of Criminal Law and Procedure, LSA–R.S. 15:8; however, when we found it impossible to decide the case on the record as made up, which included this motion for a bill of particulars, and remanded the case to ascertain who was at fault for the delay in the prosecution, I think it was for the obvious purpose of ascertaining whether the accused "has escaped trial through dilatory pleas"—that is, whether his motion for a bill of particulars had been the cause of his failure to have been timely brought to trial. If there was any doubt in this because of lack of direct expression in the opinion itself, I think that when the case came back here on the application of the defendant on writs to review the judgment of the District Court overruling the plea of prescription, in reversing the ruling of the trial court and maintaining the plea of prescription, we made it abundantly clear by the observation [219 La. 1090, 55 So.2d 256]:

"* * * Our opinion, remanding the case, was evidently misunderstood. If we had thought that the pendency of the motion was sufficient to interrupt prescription, there would have been no occasion to remand the case to determine the cause of delay or why the motion had not been timely disposed of."

To· hold that the accused in the instant case "has escaped trial through dilatory pleas" is a conclusion without basis in fact or in law. In my opinion, the learned Trial Judge, who tried the case below on the plea of prescription, obviously concluded, and I think correctly so, that the defendant did not "escape trial through dilatory pleas", but rather because of the total lack of any move on the part of the State to bring this case to trial at any stage of the proceedings.

Nor can I subscribe to the view expressed by the majority as to the holding of this Court in State v. Bradley, 227 La. 421, 79 So.2d 561, 564. Obviously, my learned Colleague (the author of the majority view) misunderstood that case. A mere reading of that opinion will readily show the correctness of my appreciation of the holding of this Court in the two Bradford cases, supra.

In the Bradley case, the Court (with Mr. Justice Hawthorne as organ of the Court), in a well-considered and scholarly opinion, very aptly observed that there was no conflict between the provisions of Articles 8 and 9; that they could not be read together; nor could Article 9 be viewed as merely the procedural vehicle for applying Article 8. The Court stated:

" * * * On the contrary, we are of the opinion that these two articles were drawn up to take care of two different situations. Article 8 obvious- ly deals with a three-year period following the filing of a bill of information, whereas Article 9 just as obviously deals with a three-year period following a prosecutive step by the State. * * * "

And, we squarely held:

" * * * the only question presented by this appeal is whether the trial judge abused his discretion by causing a nolle prosequi to be entered. * * * "

In that case, as in the case at bar, three years had passed since the information had been filed against the defendants. Hence, the Court held that Article 8 was controlling in finding that there was nothing in the record to show that the trial judge had abused his discretion in sustaining the plea of prescription, despite the fact that the defendants had been arraigned within the three-year period and, unlike the case at bar, their plea of "Not Guilty" had not been withdrawn.

I respectfully dissent.

FOURNET, Chief Justice (concurring in part and dissenting in part).

On April 6, 1955, the accused, John Truett—who had been charged in a bill of information filed August 9, 1951, with violation of R.S. 40:962, a felony, and more than three years having elapsed from that date without ·his having been

tried—invoked the statute of limitations provided in R.S. 15:8 and 15:9, praying that the information be dismissed and that the court order the district attorney to enter a nolle prosequi therein. The trial judge, after formal hearing, so ordered, and the state prosecutes this appeal from such action.

In brief the state correctly points out that in felony cases the statute of limitations provided in these articles runs in favor of a defendant in either of two situations: (1) "Where three years have elapsed between the date of trial and the filing of the bill of information, *except where the accused has escaped trial through dilatory pleas,*" under Paragraphs 3 and 4 of R.S. 15:8,[1] and (2) "Where three years have elapsed between the date of trial and the last prosecutive step by the state," under R.S. 15:9. (Emphasis supplied by me.)

Inasmuch as the accused was arraigned on April 30, 1952, and the plea to have the prosecution dismissed was filed on April 6, 1955, less than three years later, I concur in the holding of the majority that the provisions of R.S. 15:9 do not apply in the instant case. See, State v. Bradley, 227 La. 421, 79 So.2d 561.

However, I cannot agree with the majority holding that the mere filing of the pleas in this case by the accused on May 19, 1952, and particularly the motion for a bill of particulars, had the effect of interrupting the "running of prescription" under the provisions of R.S. 15:8, or that the accused, as a matter of fact, escaped trial because he filed such pleas, a factual issue that is neither discussed nor even mentioned in the majority opinion, and, above all, is not supported by the evidence. Nor does the holding of this court in State v. Bradford, 217 La. 32, 45 So.2d 897, on rehearing, support this conclusion.

It is my humble opinion that there is no language in 15:8 that warrants the conclusion the filing of a dilatory plea interrupts the three-year period of limitation therein provided.[2] On the contrary, this section, in most clear and positive language, makes it the mandatory duty of the district attorney to enter a nolle prosequi "when three years elapse from the date of finding

1. There are three other exceptions under Paragraph 4 of R.S. 15:8, but they have no application here, and therefore are not discussed, i. e., where the accused has escaped trial (1) through continuances, (2) because he has absconded, or (3) is a fugitive from justice.

2. I am fortified in this view for in R.S. 15:9, the section immediately following, the legislature has specifically pro-

vided for *the only act* of an accused that has the effect of interrupting the three-year period established in R.S. 15:8, i. e., "the prescription established in Art. 8 hereof *shall be interrupted by the absence of the defendant from the jurisdiction of said court without the written consent of the court first obtained* and entered upon the minutes, or filed in the records of the cause * * *." (Emphasis has been supplied by me.)

an indictment, or filing an information," and "the accused has not been tried". And in equally clear and positive language it is provided that *"nothing in this article shall apply or extend to an accused person* who has absconded, or who is a fugitive from justice or *who has escaped trial through dilatory pleas,* or continuances obtained by him or in his behalf." In other words, the charge must be nolle prossed, either by the district attorney or through court order if, during three years following the date of the charge, the accused has not been tried, unless it affirmatively appears from the record that he has *escaped trial* because he (1) was an absconder, (2) was a fugitive from justice, or (3) delayed and impeded his trial through dilatory pleas and continuances. (The emphasis has been supplied by me.)

In the Bradford case [217 La. 32, 45 So. 2d 898] the state contended (1) the accused *"escaped trial through dilatory pleas and continuances obtained by him or in his behalf;"* and (2) "waived his right to a speedy public trial by not demanding" one. The trial judge, in his per curiam to the bill reserved when he overruled the accused's plea based on R.S. 15:8, stated that "the motion for a bill of particulars had interrupted prescription, so that the subsequent plea of three years' prescription could not be sustained." When the case was originally before us on appeal, however, we reversed his action and held (1) a motion for a bill of particulars in a criminal case "could not be termed as dilatory by its nature," (2) failure of the accused to assert his right to a speedy trial did not relieve the state from its obligation of proceeding, and (3) that the failure to act for whatever reason by a court, a district attorney, or both, should not be resolved as a matter of omission and fault of a defendant. We accordingly sustained the plea and ordered the charge against Bradford nolle prossed. (The emphasis has been supplied by me.)

On rehearing, we concluded that a "motion for a bill of particulars was such a dilatory plea as was intended under Article 8 of the Code of Criminal Law and Procedure", and, without otherwise disturbing our previous holding, stated that *"To this extent, it will be necessary to reverse the judgment rendered in the original hearing. However, under the situation that is presented in this case, we find it impossible to render a final decision at this time."* We accordingly remanded the case to have the trial judge determine the cause of the delay in the prosecution. (The emphasis has been supplied by me.)

In other words, we did not hold that the mere filing of a motion for a bill of particulars interrupted prescription. We only held that a motion for a bill of particulars is a dilatory plea, and indicated that if this dilatory plea had been employed by the accused as a vehicle or manoeuvre through

which he had escaped trial, then R.S. 15:8 neither applied nor extended to him. And in order to determine whether he had, in fact escaped trial through this means, we sent the case back to the lower court for the introduction of further evidence on this phase of the matter.

On remand, the trial judge found as a fact that the failure to bring the accused to trial within the three-year period was "the refusal of the officer in charge of the prosecution *to present its opposition* to the motion and by the statement of this officer to the effect that the defendant would not be prosecuted under the charge." Nevertheless, the trial judge, as has the majority here, misconstrued our holding on rehearing and again overruled the accused's plea. In correcting this misconstruction after the case was brought to us for the second time, we stated: *"If we had thought that the pendency of the motion was sufficient to interrupt prescription, there would have been no occasion to remand the case* to determine the cause of the delay or why the motion had not been timely disposed of." See, State v. Bradford, 219 La. 1090, 55 So.2d 255, 256. (The emphasis has been supplied by me.)

It is eminently obvious to even a casual reader that this statement was not only a direct denial of the contention that we had held on rehearing the mere filing of a motion for a bill of particulars had the effect of interrupting the running of prescription, but also that this statement was the sole basis for our final conclusion that Bradford had not escaped trial through dilatory pleas, and that the charge against him must be ordered nolle prossed.

In other words, we ultimately concluded that the failure of the accused to be tried during the three-year period was not caused by the filing of the motion, but by the refusal of the officer in charge to prosecute the case because "of a better case the prosecution had against the defendant in another division of the court." In fact, we specifically recognized the right of the accused to file such pleas, for when the case was before us on rehearing, we reversed the holding of the trial judge that the filing of the motion for the bill of particulars had interrupted prescription, stating: "The State is interested in seeing that an accused be made to stand trial for an offense with which he is charged, *and the accused,* on the other hand, *is entitled to preserve every legitimate right of defense he may have."* One of the most fundamental and basic of these rights is that he be furnished with whatever information may be necessary in order that he may properly defend himself, and it is certainly illogical to say that his mere request for such information—which will permit him to safely go to trial—can, *in itself,* have the effect of preventing him from going to trial or being tried. Actually, this step taken by him was a step toward having the mat-

ter speedily disposed of, and the reason why it was not speedily disposed of was not his request, but the failure of the prosecution to comply with his request by furnishing the information, or, through formal court procedure, to enter any opposition to his request.

In the instant case, as in the Bradford case, the state showed no intention or desire to present "its opposition" to the motion for the bill of particulars, or to have that motion adjudicated upon by the trial judge. A reading of the record leaves the inescapable conclusion, as in the Bradford case, that the state abandoned the case and never intended to prosecute it, for the evidence discloses that the accused was charged in two affidavits filed July 20, 1951, with having in his possession, in violation of R.S. 40:962, narcotics and paraphernalia at 2622 Canal Street. Acting on these affidavits, the district attorney filed two bills of information against him on August 9, 1951, the one in the instant case being allotted to Section "B" of the court, the other to Section "F." He was arraigned in the instant case on April 30, 1952, and on May 19, 1952, *within a month,* filed his motion for a preliminary hearing, for a bill of particulars, and his plea to the court's jurisdiction. Similar pleadings were filed in the case pending in Section "F," and while the district attorney did, with reasonable promptness, furnish the bill of particulars there requested, fix for trial and disposition the other motions, set the case for trial on the merits, and prosecute the case through an involved and lengthy trial, *which resulted in an acquittal on the charge,* he took absolutely no step whatever in the case in Section "B." He neither furnished the requested bill of particulars, opposed it, opposed the plea to the jurisdiction and the motion for the preliminary hearing, or set them for trial. He did absolutely nothing to bring the case to trial on any phase of the pleadings or to submit them to the judge for determination.

It is inconceivable to me that, in the face of the positive provisions of R.S. 15:8, anyone could read this record and come to the conclusion the accused here escaped trial through the filing of these pleadings. Certainly the trial judge, who had complete supervision of the case, is in a better position than we are to determine and know just why this particular case was not prosecuted, and why the accused was not, within the three-year period, tried thereon as actively, as vigorously, and with as much dispatch as had been shown in the companion case in Section "F." In his per curiam to the bill reserved by the state when the accused's plea was sustained and the charge against him ordered nolle prossed under our holding in the Bradford case, the trial judge points out that the accused had been continuously within the jurisdiction of the court and

had, in fact, answered several subpœnas of the court and the grand jury during all of the years intervening between 1951, when the charge was filed, and 1955, when the plea was filed, and that he had actually conducted a public business during this time within six blocks of the court house. And, in my opinion, he properly construed our holding in the Bradford case to be that the "mere filing of an application for a bill of particulars would not interrupt prescription," and concluded that the failure to bring the accused to trial was not due to the motions and pleas filed by him, but, rather, to the district attorney's lack of intention or desire to try the case, and his active failure to prosecute.

The holding of the majority, which is to the contrary, is clearly not in keeping with the specific provisions of R.S. 15:8, and, in my opinion, has the effect of defeating the very purpose for which this provision was enacted, that is, *"to enforce the right of an accused to a speedy trial and to prevent the oppression of citizens by suspending criminal prosecutions over them for an indefinite time as well as to prevent delays in the administration of justice by imposing on judicial tribunals an obligation of proceeding with reasonable dispatch in the trial of criminal accusations."* State v. Theard, 203 La. 1026, 14

So.2d 824, 825. (The emphasis has been supplied by me.)

I therefore respectfully dissent.

On Second Rehearing.

HAWTHORNE, Justice.

In our opinion on first rehearing we concluded that the prescription of three years provided in R.S. 15:9 was not applicable to this case, and on this question our decision is now final. A second rehearing was granted only for further consideration of the applicability of R.S. 15:8.

It is advisable to reiterate the following facts: The bill of information charging the defendant with a felony was filed on August 9, 1951. On April 30, 1952, he was arraigned and pleaded not guilty. On May 19, 1952, with consent of the court he withdrew his plea of not guilty and at that time filed a motion for a bill of particulars, a motion for a preliminary hearing, and a plea to the jurisdiction of the court.[1] No further proceedings were had in the case until April 6, 1955, when defendant filed a plea of prescription based on the allegation that more than three years had elapsed since the filing of the bill of information without his having been tried. This plea was sustained by the district judge, and the State appealed.

---

[1] In the course of this opinion we will treat all of these pleas as dilatory in nature without passing upon which are dilatory and which are not.

Under the provisions of R.S. 15:8, in felony cases when three years elapse from the date of the filing of an information it shall be the duty of the district attorney to enter a nolle prosequi if the accused has not been tried, and if the district attorney fails or neglects to do so, the court may on motion of the defendant or his attorney cause such nolle prosequi to be entered the same as if entered by the district attorney.

In the instant case more than three years elapsed from the date of the filing of the bill of information (August 9, 1951) to the filing of the plea of prescription (April 6, 1955), and the accused had not been tried.

. It is the State's contention that the *mere* filing of these dilatory pleas by the accused on May 19, 1952, interrupted the prescription of three years provided in R.S. 15:8.

In State v. Bradley, 227 La. 421, 79 So. 2d 561, 563, this court construed the provisions of Article 8 of the Code of Criminal Procedure, R.S. 15:8. As we pointed out in that opinion, in those felony cases in which the district attorney fails-to enter his nolle prosequi although three years have elapsed from the date of the information without the defendant's having been tried, the court may cause such a nolle prosequi to be entered on motion of the defendant. In the course of the opinion we said:

" * * * Article 8, by using the word *may* rather than the word *shall,* leaves this decision to . the discretion of the trial judge. This is as it should be. It is conceivable that three years could elapse after the filing of a bill of information without the defendant's being brought to trial, and that the district attorney would refuse to enter a nolle prosequi because he felt that there was a valid reason for the State's delay. If the trial judge on motion of the defendant rules the district attorney to show cause why a nolle prosequi should not be entered, and after hearing decides that the trial of the accused has been delayed for a justifiable reason, the court can refuse to enter a nolle prosequi."

In the Bradley 'case more than three years elapsed from the filing of the bill of information to the filing of the plea of prescription, and the defendants had not been tried. We held that Article 8 of the Code of Criminal Procedure applied to the case, and that the only question presented on that appeal was whether the trial judge had abused his discretion under Article 8 in causing a nolle prosequi to be entered upon motion of counsel for the defendants. In other words, the rationale of the Bradley opinion is that where three years elapse in a felony case without the defendant's being tried and the district attorney fails to enter his nolle prosequi, the question of whether the three-year prescription of Article 8 has accrued is in the discretion of the trial judge, subject to review by this court.

██ The instant case is different in one important particular from the Bradley case. The defendant in the instant case filed dilatory pleas during the three-year period between the bill of information and the plea of prescription. However, it is our view that the filing of these dilatory pleas in no way affects the discretion vested in the trial judge by Article 8 to determine whether the defendant's plea of prescription is well founded under that article. Therefore, the sole question we are here called upon to decide is whether the trial judge in the instant case has abused his discretion in sustaining the plea of three-year prescription filed under the provisions of R.S. 15:8.

The last paragraph of R.S. 15:8 provides:

"Nothing in this article shall apply or extend to an accused person * * * who has escaped trial through dilatory pleas * * *."

██ Since more than three years had elapsed from the date of the filing of the bill of information, the question which the trial judge was called upon to answer in this case was whether the *mere filing* of dilatory pleas by this accused within the three-year period, and the pendency of these pleas, *caused him to escape trial* under the provisions of the last paragraph of R.S. 15:8, the decision of this question, as we have heretofore pointed out, being left to the trial judge's discretion.

██ When the trial judge sustained the plea of prescription in the instant case, he obviously had concluded that the defendant had not escaped trial through dilatory pleas. Since the record in the instant case shows only that the pleas were filed but does not disclose that any further proceedings were. had with reference to them, we cannot say from the record that by *merely filing* the pleas the defendant escaped trial through dilatory pleas, and consequently there is no showing in this court by the State that the trial judge abused the discretion vested in him when he sustained defendant's plea of prescription.

As we have said, it is the State's contention that the mere filing of the dilatory pleas in the instant case interrupted the prescription of three years provided in R.S. 15:8. Under the view we take of this case, however, we do not. think that the question of interruption is presented here— the only question, as already stated, is whether the trial judge abused his discretion in concluding that the defendant had not escaped trial through dilatory pleas.

It is true that in other cases in which the provisions of Article 8 have been discussed the court has used the term "interruption" in discussing what effect the acts of the accused which are enumerated

in the last paragraph of Article 8 might have upon the prescription. But see State v. Theard, 203 La. 1026, 14 So.2d 824, construing Act 323 of 1942. However, we have never been called upon to decide whether these acts constitute an interruption or a suspension of prescription, or whether perhaps they have the effect, under a literal interpretation, of making the provisions of Article 8 non-applicable. This question could have arisen in the instant case if the trial judge had found, in his discretion, that the defendant had in fact escaped trial through dilatory pleas. Then we would have been called upon to decide whether a defendant's escaping trial through such pleas has the effect of interrupting prescription, of suspending prescription, or of taking the defendant entirely out of the provisions of the article.

On original hearing in this case I dissented from the holding that the plea of prescription filed by defendant was well founded under R.S. 15:8, for I was at that time of the opinion that the mere filing of dilatory pleas had the effect of interrupting the prescription of Article 8. After more mature consideration, however, I am convinced that I was in error, and my views now are those embodied in the present opinion.

For the reasons assigned the judgment of the trial court sustaining the plea of prescription and ordering a nolle prosequi to be entered in this cause is affirmed.

SIMON, J., dissents, adhering to the opinion rendered on rehearing March 26, 1956.

HAMITER, Justice (dissenting).

As pointed out in the majority opinion the last paragraph of LSA–R.S. 15:8 recites: "Nothing in this article shall apply or extend to an accused person * * * who has escaped trial through dilatory pleas * * *." In my opinion this recitation renders inoperative or suspends all of the provisions of the article favorable to an accused person, including those relating to the three-year prescription and the vesting of discretion in the trial judge to enter a nolle prosequi, during the time that he escapes (avoids) trial through dilatory pleas.

Here, the accused avoided or escaped trial through dilatory pleas continuously from and after May 19, 1952 (the day on which the pleas were filed) ; and following that date, by reason of such avoidance, prescription was and continued to be suspended. As a consequence the three years necessary for the barring of the prosecution could not and did not run between the filing of the bill of information on August 9, 1951 and the entering of the plea of prescription (the accrued prescriptive period ended May 19, 1952 and, hence, was for approximately nine months and ten days).

I respectfully dissent.