(74 South. 201)

No. 22317.

STATE v. DAVIS.

(Feb. 12, 1917.)

*(Syllabus by the Court.)*

CRIMINAL LAW ☞656(4) — APPEAL — HARMLESS ERROR—REMARKS OF TRIAL JUDGE.

Where on the trial of the accused charged with shooting with intent to murder, the district attorney in the course of his argument said, "The prosecuting witness did not even have a pocketknife on him when he was shot," to which remark counsel for the accused objected, and requested the judge to instruct the jury to disregard the same, and thereupon the judge stated, in the presence and hearing of the jury, that he distinctly remembered that it had been testified by many witnesses that the prosecuting witness did not have a knife on his person at the time of the shooting, to which comment on the evidence by the judge in the presence and hearing of the jury, counsel for the accused excepted, *held*, that the remarks of the judge were in plain violation of section 991 of the Revised Statutes of 1870, prohibiting the judge from stating or recapitulating the evidence, or stating or repeating the testimony of any witness, or giving any opinion as to what facts have been proved or disproved, to the jury or in its presence or hearing, and that such remarks constitute reversible error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1529.]

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; Joseph E. Le Blanc, Jr., Judge.

Berryman Davis was convicted of shooting with intent to murder, and he appeals. Verdict and sentence reversed and cause remanded for a new trial.

R. P. Claiborne, of New Roads, for appellant. A. V. Coco, Atty. Gen., and J. H. Morrison, Dist. Atty., of New Roads (Vernon A. Coco, of Marksville, of counsel), for the State.

LAND, J. The defendant was charged on information with the crime of shooting with intent to murder.

He was tried, found guilty, and sentenced to confinement at hard labor in the state penitentiary for not less than 1 nor more than 21 years.

Defendant has appealed, and his counsel relies for reversal mainly on bill of exceptions No. 5, which reads as follows:

"Be it remembered that on the trial of this cause that the district attorney in his opening argument stated to the jury that the prosecuting witness did not have even a pocketknife on him when he was shot, to which remark counsel for the accused objected and requested the court to instruct the jury to disregard this statement of the district attorney and the court stated, in the presence and hearing of the jury, that, 'I distinctly remember that it has been testified to by many witnesses that the prosecuting witness did not have a knife on his person at the time of the shooting,' and refused to instruct the jury to disregard these remarks made by the district attorney as requested so to do by counsel for the accused, to which refusal and ruling of the court and comment on the evidence by the court in the presence and hearing of the jury, counsel for the accused excepted, and now tends this bill of exceptions for the signature of his honor, the presiding judge, after presentation to the district attorney.

"Per Curiam. The remark attributed to the court in this bill is substantially correct, but it was addressed to counsel for the accused and not to the jury.

"The court is not informed as to whether the jurors heard said remarks or not, but I cannot see, in the light of all the evidence in the case, how the jury could have been prejudiced, if they heard the remark, because not a single witness in the case, even those for the defense, testified that the prosecuting witness did have a knife, and therefore the question of whether he had a knife or not was not debatable, and the court's statements, if heard, could not, for this reason, have influenced the mind of the jury."

The facts stated by the presiding judge doubtless furnish good grounds for the overruling of defendant's objections to the remark made by the district attorney, but afford no excuse for the judge's statement of such facts in the presence and hearing of the jury.

This case is on all fours with that of State

v. Iverson, 136 La. 986, 68 South. 99, in which the court said:

"But the judge should have reserved the statement of his reason for refusing the instruction, and should have given it only in the bill of exception, instead of commenting on the evidence in the presence and hearing of the jury" (citing a number of cases).

In that case the judge said:

"I find no evidence in the case to justify such a charge."

In this case the judge said:

"I distinctly remember that it has been testified to by many witnesses that the prosecuting witness did not have a knife on his person at the time of the shooting."

Since the adoption of Act No. 272 of 1853, p. 249, now section 991 of the Revised Statutes of 1870, in charging the jury in criminal cases, the judge has been required to limit himself to giving them a knowledge of the law applicable to the case, and has been expressly prohibited from stating or recapitulating the evidence so as to influence the decision on the facts, or from stating or repeating to the jury the testimony of any witness, or from giving any opinion as to what facts have been proved or disproved.

It has been uniformly held that the said prohibition applies to whatever the judge may say in the presence of the jury during the progress of the trial, whether in his charge to the jury, or in overruling objections of counsel for the accused. See Marr's Crim. Juris. of La. § 459, and notes.

Article 179 of our Constitution provides that the jury in all criminal cases shall be judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge.

Under such a provision, reinforced as it is by the prohibition of the statute, the comments by the judge on the facts in the case at bar necessarily constitute reversible error.

We find no sufficient merit in the other bills of exception for the reversal of the verdict.

It is therefore ordered that the verdict and sentence appealed from be reversed, and that this cause be remanded for a new trial and further proceedings according to law.