**81 So.2d 771**

**STATE of Louisiana**

**v.**

**Anthony R. NICOLOSI.**

**No. 42335.**

June 30, 1955.

Sam J. D'Amico, Baton Rouge, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. St. Clair Favrot, Dist. Atty., Jack P. F. Gremillion, First Asst. Dist. Atty., Scallan E. Walsh, Second Asst. Dist. Atty., Baton Rouge, for appellee.

HAWTHORNE, Justice.

Defendant, Anthony R. Nicolosi, charged with the crime of unlawful possession of narcotic drugs, was tried, judged guilty of attempted unlawful possession of narcotic drugs, and sentenced to serve five years in the state penitentiary at hard labor. He has appealed.

Bills of Exception Nos. 1, 2, and 3 relate to objections made by the defendant to testimony of Mr. Ray Herd, a witness called by the State as an expert. The testimony to which these objections were made concerned the identification as marihuana of particles found in the clothing of the defendant.

Under Article 466 of the Code of Criminal Procedure, the test of the competency of an expert is his knowledge of the subject on which he is asked to express an opinion, and, before any witness can give evidence as an expert, his competency to testify must have been established to the satisfaction of the court. Under this article it is within the province of the trial judge to decide whether witnesses offered as experts are entitled to be heard in that

capacity, and his ruling will not be disturbed where no error appears. State v. Carter, 217 La. 547, 46 So.2d 897.

■ In the instant case the trial judge found that the witness was fully competent to give the expert testimony to which defendant objected, and the record completely justifies the trial judge's finding.

Bill of Exception No. 4 was also reserved in connection with the testimony of Mr. Herd, the State's expert witness. During his testimony Mr. Herd was permitted over the objection of defendant to read a paragraph from a pamphlet called "Marihuana —Its Identification", published by the United States Treasury Department, Bureau of Narcotics. Counsel for defendant objected to the reading from this publication on the ground that by doing so the witness was permitted to give the opinion of some other person who had not been sworn to testify.

■ In the instant case it is not contended that the book from which the paragraph was read was not trustworthy or not an authority on the subject. Evidently the testimony given by the expert was based in part on this scientific treatise, as the judge informs us in his per curiam that he permitted it to be read in corroboration and support of the witness' testimony. If this is so, we know of no valid reason why the court itself should not have the benefit of the excerpt from the scientific treatise, for it would be inconsistent to receive in evidence the opinion of an expert witness but exclude the scientific article on which he partially bases this opinion. See Art. 464, Code Cr.Proc.; Wigmore, Evidence, v. 6, p. 17 (1940).

Moreover, in the instant case the trial judge has incorporated in his per curiam the paragraph which the witness read, and there is nothing in it that prejudices the defendant in any way so as to entitle him to a new trial.

Bills Nos. 5, 6, 7, and 9 were reserved to the overruling of objections by the defendant to certain testimony of a State's witness, Charles Fisher. Fisher, a peddler of narcotics, was asked numerous questions with reference to conversations which he had had with the defendant, or with others in the presence of the defendant, on occasions when the defendant and the others purchased or arranged to purchase marihuana from Fisher. All of these events testified to by Fisher occurred prior to the date of the offense charged in the bill of information.

The trial judge states in his per curiams to these bills that he admitted this evidence showing the commission of similar offenses by the defendant for the purpose of establishing guilty knowledge and intent.

■ Possession without knowledge of such possession is not possession in the legal sense of that word. See 33 Words and Phrases, Possession, pp. 73, 88. Knowledge is therefore an essential ingredient of the crime of possession of narcotics, and consequently the ruling of the trial judge was correct under Article 446 of the Code of Criminal Procedure, which reads:

"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."

Bill No. 8 was reserved to the refusal of the trial judge to grant the request of defendant's counsel for a mistrial. According to the bill, State's witness Charles Fisher was asked the following question: "What did they ask you to do?" Defendant's counsel objected to the question and requested the court to limit the examination because the State had neither alleged nor proved a conspiracy. In passing on the objection the judge stated: "[The witness] Having testified that the accused was present at the time the solicitation was made, the objection is overruled." Defendant's counsel then objected to the remark of the trial judge as a comment on the evidence and requested a mistrial.

Before discussing this bill we think the facts and circumstances leading to its perfection should be given. Counsel for defendant made numerous objections during the examination of Charles Fisher, and his objections were overruled. Notwithstanding these many rulings, counsel for defend-

ant continued to interrupt the examination for the purpose of objecting, and it was counsel's persistence in continuing his objections that provoked the statement made by the judge of which he now complains.

The trial judge informs us in his per curiam that the remark was necessary to explain his ruling, and also that the jury was later charged that they were the sole and only judges of the evidence and that the court could not comment on what had been proven or not proven during the trial.

There are cases in our jurisprudence, too numerous to require citation, which hold that the judge should not comment on the credibility of the witness or on the evidence during the course of the trial in a criminal case, that he should not express an opinion as to what facts have been proven or refuted, and that, when he does make such comments or express such an opinion, these comments and expressions are reversible error. This prohibition, found in the statutes and the Constitution of this state, applies to whatever the judge may say in the presence of the jury during the progress of the trial whether in his charge to the jury or in overruling objections made by counsel for the accused. State v. Davis, 140 La. 925, 74 So. 201; State v. Ballou, 140 La. 1086, 74 So. 562. The remarks of the trial judge in the instant case, however, do not constitute a comment either on the credibility of a witness or on evidence which was adduced at the trial, and are not an opinion as to what facts have been proven or refuted.

Nevertheless, in overruling the objection the judge did repeat the testimony of a witness, and he is expressly forbidden to do so under the provision of Article 384 of the Code of Criminal Procedure that " * * * The judge shall not * * * repeat the testimony of any witness". Thus by so doing the judge in this case committed error. The question then presented is whether the error entitles the defendant to a new trial under the circumstances surrounding the taking of this bill.

There are cases in our jurisprudence in which the trial judge in overruling an objection made by counsel for the defendant has repeated the testimony of a witness to explain his reasons for overruling the objection. In some of these cases the court after considering the surrounding facts and circumstances has reversed the conviction and granted the defendant a new trial. See State v. Davis, supra. In others the court after weighing the facts and circumstances has concluded that no prejudicial error resulted from the judge's repeating of the testimony and did not grant the defendant a new trial on this ground. State v. Alphonse, 34 La.Ann. 9; State v. Walker, 50 La.Ann. 420, 421, 23 So. 967; State v. Farrier, 114 La. 579, 38 So. 460, 461.

In State v. Farrier, supra, the trial judge in overruling an objection made by counsel for the defendant stated: " ' * * * The court rules that the witness has testified substantially that he was not a member of this congregation or assemblage to which he refers * * *.' "

In discussing the trial judge's remark in the Farrier case this court said:

" * * * It may sometimes happen that matters are placed before the court under circumstances such as for the purposes of making a ruling it is unavoidably forced to make a statement of fact as to the evidence which has already gone to the jury. In such cases the trial judge should be exceedingly guarded in the terms in which he refers to it. * * * "

After making the above statement this court in the Farrier case concluded that the trial judge's remark had not had such a prejudicial effect upon the jury as to justify a reversal on this ground, but that the trial judge was injudicious in using language of such a character as to make even the use of it a debatable matter in the appellate court.

In overruling an objection a trial judge may carelessly repeat the statement of a witness to explain his ruling, and by doing so commit reversible error which entitles the defendant to a new trial. Each case, however, will have to be passed upon under its own special state of facts. Moreover, Article 557 of the Code of Criminal Procedure provides that no new trial shall be granted by any appellate court in any criminal case unless it appears after examination of the entire record that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or con-

stitutes a substantial violation of a constitutional or statutory right.

▮ In the instant case we do not think that the accused has been prejudiced by the judge's remark in view of the unusual circumstances under which it was made, and for this same reason we do not think that the judge's statement was a substantial violation of a statutory right which would entitle this defendant to a new trial under the provisions of Article 557 of the Code of Criminal Procedure.

The judge in charging the jury read certain portions of the narcotic statute, R.S. 40:961 ff., and also gave a special charge requested by the State. Counsel for defendant objected to the charge given by the court on the ground that it was prejudicial and not the law, and reserved Bill of Exception No. 10.

▮ This bill of exception does not point out any error of law in the charge and therefore presents nothing for review under the provisions of Article 391 of the Code of Criminal Procedure. It is well settled that any objection to a charge shall be by means of a bill of exception accompanied by a statement of facts showing the error in the charge given. State v. Pearson, 224 La. 393, 69 So.2d 512, and cases there cited.

Bill of Exception No. 11 was taken to the court's overruling a motion for a new trial. The errors complained of in this bill have already been discussed in our disposition of the numerous bills considered above.

▮ Bill No. 12 was taken to the overruling of a motion in arrest of judgment. The only alleged error patent on the face of the record relied on by appellant in this bill is that the jury in the instant case returned a verdict of guilty of attempted possession of narcotic drugs, and that this was not a responsive verdict to the charge of possession of narcotic drugs. This contention has been fully answered in the case of State v. Broadnax, 216 La. 1003, 45 So. 2d 604.

We are aware of the fact that this court in the case of State v. Espinosa, 223 La. 520, 66 So.2d 323, held that the judge correctly refused to charge that a verdict of attempt was responsive to a charge of obtaining narcotics by forging a prescription and presenting it to a pharmacist. The two cases are easily distinguishable. In the Broadnax case, the crime with which the defendant was charged was unlawful possession of a narcotic drug, which is denounced by R.S. 40:962, and this court held that guilty of attempted possession was a responsive verdict. The crime charged in the Espinosa case, on the other hand, is denounced by R.S. 40:978, which provides that no person shall obtain or attempt to obtain a narcotic drug by fraud, deceit, misrepresentation, subterfuge, forgery, alteration of a prescription, etc., and this court held that the trial judge correctly refused to charge the jury that it could bring in a verdict of attempt. The principal basis for this court's ruling in the Espinosa case appears to be that the de-

fendant confessed that he did obtain a narcotic drug through forgery, and that this was the crime with which he was charged. Thus it is clear that the Espinosa case in no way affected or overruled the holding of this court in State v. Broadnax, supra. Moreover, as the crime charged in the instant case is the same as the one charged in the Broadnax case, i. e., unlawful possession of narcotic drugs, our holding in the Broadnax case on the issue of attempt as a responsive verdict is controlling here, and the case of State v. Espinosa is clearly inapposite.

The conviction and sentence are affirmed.

MOISE, J., concurs.