**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harold RHEAMS, Defendant-Appellant.**

**No. 376, Docket 25103.**

United States Court of Appeals
Second Circuit.

Argued May 16, 1958.

Decided Aug. 1, 1958.

Earl J. McHugh, Asst. U. S. Atty., Southern District of New York, New York City (Paul W. Williams, U. S. Atty., Southern District of New York City, on the brief), for plaintiff-appellee.

Salvatore J. Iannucci, New York City, for defendant-appellant.

Before HAND, HINCKS and MOORE, Circuit Judges.

MOORE, Circuit Judge.

The defendant, Rheams, was indicted: (1) for having possession of and facilitating the transportation of heroin; and (2) as a "person who had not registered and who had not paid the special tax," for having narcotic drugs in his possession. He was convicted on both counts after a jury trial.

Possession and facilitating transportation were clearly established. Defendant's primary defense is that he did not know that the package contained heroin and that he was only a messenger sent to pick up the package behind a radiator in the hall of an apartment building at the request of a man named "Jelly."

Whether the defendant knew that the package contained heroin was solely a question of fact for the jury. They heard the government's witnesses and the defendant himself. "Jelly" did not appear. The jury's verdict is, of course, determinative of the fact question.

There being no questions relating to rulings upon evidence material to the issues, the only area for review, therefore, is the judge's charge or his failure to charge.

Appellant argues that he was a mere messenger for the mysterious "Jelly" and that as such he was entitled to an acquittal. Whether appellant's story was to be believed was for the jury. They heard the testimony of the narcotics agents and the defendant. It was not for the trial court to resolve this issue by acquittal.

As to the confession, the jury likewise had the benefit of appellant's testimony. It was their privilege to give it such weight as they deemed proper. The confession showed that appellant signed it and that it was read to him. He agreed with everything contained in the statement except two words which he claimed that he never uttered. In rebuttal the government called a witness present at the time who testified that the two words were used. Here again was a matter of credibility to be determined by the jury.

The fact that the trial court did not give the seven requests to charge submitted by appellant does not create error. There is no duty to submit the requested charges in the exact words submitted. The charge as given by the court was a fair summary of the law and touched upon the various points presented in defendant's requests insofar as material to the case. Thus the court charged:

"* * * Thus, if you find that the defendant was acting merely as a messenger in the contemplated delivery of the package in question without knowledge of its contents, you must conclude that he therefore had no knowledge of the unlawful importation and is not guilty of the charge in count 1.

* * * * * *

"The word 'possession,' as used in the statute, which gives rise to the inference that the narcotic laws were violated, means the deliberate act of having, holding and exercising dominion and control over the narcotics.

* * * * * *

"Thus, as I have already instructed you, if you find that the defendant was acting merely as a messenger in the contemplated delivery of the package in question, without knowledge of its contents, you must conclude that such possession was not conscious and willing and that the defendant is not guilty of the charge in count 2."

Appellant also complains that his cross examination of the government witnesses was unduly curtailed. In view

of the fact that possession was clearly established such restriction even if it occurred would not be material to the appellate issues presented.

Judgment affirmed.