352 P.2d 1003

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Alex GIDDINGS, Defendant-Appellant.**

No. 6637.

Supreme Court of New Mexico.

June 7, 1960.

John Quinn, Hobbs, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Philip R. Ashby, Asst. Atty. Gen., B. J. Baggett, Asst. Atty. Gen., for appellee.

CHAVEZ, Justice.

Appellant, who will hereinafter be referred to as defendant, was convicted of unlawful possession of cannabis indica (marijuana), in violation of Sec. 54–7–13, N.M.S.A., 1953, and appeals.

Defendant raises three points upon which he relies for reversal, as follows: (1) That the court, in a possession of narcotics case, should instruct the jury that an essential element of proof on the part of the state is actual knowledge of the presence of the narcotic on the part of the defendant; (2) Insufficiency of the evidence; and (3) Claimed error by the trial court in the course of giving additional instructions to the jury.

The record shows that sometime after 12:00 o'clock midnight on the early morning of Sunday, March 1, 1959, while walking on one of the streets of Hobbs, New Mexico, defendant was stopped by a Hobbs city policeman who became suspicious because defendant's suit was dirty and because it was customary to stop all people out on the streets at that time of night. The policeman had defendant get into the police car and sit with him while he filled out an interrogation report. Defendant told the policeman that he had driven a car to the Frey Hotel and was walking back home. When the policeman started filling out the interrogation report defendant told him that he visited with the porter at the Frey Hotel, whereupon the policeman said that he would check on that. The defendant then changed his story and said that he hadn't been in the Frey Hotel and hadn't seen the porter. The policeman then asked defendant to get out of the car and to put everything in his pockets upon the hood of the automobile. When defendant was taking his coat off the policeman found that he had a pistol in his inside coat pocket. Defendant also had a wad of money, two billfolds, keys and "stuff." After this the policeman testified that he brushed through the defendant's clothes but could find nothing. The policeman then gathered up all of the items that had been in the defendant's pockets from the hood of the car, took them around to the other side of the car and placed them on the front seat. After arresting defendant, the policeman placed him in the police car. At that time defendant reached to open the door with two hands and the policeman saw

cigarettes fall to the ground. The policeman backed up, got out of his car and picked up three cigarettes which looked like "roll your own" cigarettes, except they were a little thinner. The policeman then took defendant to the police station and turned the cigarettes over to Deputy Sheriff Bruce McCallum. The cigarettes were placed in an envelope, marked for identification, sealed and mailed to the Department of Public Safety in Austin, Texas, for analysis. The defendant denied that he dropped the cigarettes out of the car and denied any knowledge whatsoever of the cigarettes. A state witness, Mr. Leslie Smith, testified that he was an expert chemist for the Department of Public Safety in Texas and that the cigarettes which were sent to him by the Hobbs police department contained marijuana. The officers testified that defendant was not under the influence of narcotics and seemed perfectly normal when arrested.

Defendant's contention under point I is that actual knowledge of the presence of the narcotic on the part of the defendant is an essential ingredient of the offense of possession of narcotics, and that upon this point the jury went uninstructed. The defendant tendered and the court refused the following instruction:

"You are instructed that by the term 'Possession', as used in the Court's main charge, is meant the care, control, and management of the marijuana at the time and on the occasion in question, and the actual knowledge of the presence of the narcotic on the part of the defendant. If you believe that the defendant did not have the care, control, and management of the marijuana at the time and on the occasion in question or did not have actual knowledge of the presence of the narcotic, then you must find that he did not have possession of it as charged in the Information."

The trial court did give this instruction:

"You are instructed that by the term 'Possession', as used in the Court's main charge, is meant the care, control, and management of the marijuana at the time and on the occasion in question. If you believe that the defendant did not have the care, control, and management of the marijuana at the time and on the occasion in question, then you must find that he did not have possession of it as charged in the Information."

In California, where this particular question has been repeatedly before the courts, by a consistent long line of decisions, it is well established that in order to sustain a conviction of possession of narcotics, it must be shown that the defendant had either physical or constructive possession, coupled with the knowledge of the presence and narcotic character of the substance.

People v. Gory, 28 Cal.2d 450, 170 P.2d 433; People v. Candiotto, 128 Cal.App.2d 347, 353, 275 P.2d 500; People v. Winston, 46 Cal.2d 151, 293 P.2d 40; People v. Rodriguez, 151 Cal.App.2d 598, 312 P.2d 272; People v. Toms, 163 Cal.App.2d 123, 329 P.2d 90; People v. Simpson, 170 Cal.App. 2d 524, 339 P.2d 156.

In People v. Simpson, supra, one of the defendants contended that the court erred in failing to instruct the jury more fully on the law as to the required knowledge that the narcotic was in the automobile or under her control, citing People v. Gory, supra; People v. Foster, 115 Cal.App.2d 866, 253 P.2d 50. It was argued that the court failed to instruct that actual knowledge and possession are necessary for the offense and that mere presence is insufficient. The court did instruct the jury to the effect that [170 Cal.App.2d 524, 339 P.2d 161]:

> "* * * a person is in possession of a narcotic when it is under his dominion and control and he knows that it is a narcotic, and knows that it either is carried on his person, or is in his presence and custody, or, if not on his person or in his presence, the possession thereof is immediate, accessible .and exclusive to him, provided, however, that two or more persons may have joint possession of a narcotic if jointly and knowingly they have the dominion, control and exclusive possession I have described."

The above instruction was approved by the appellate court.

It has also been held in California that to show such knowing possession the conduct and behavior of the parties, admissions or contradictory statements and explanations are frequently sufficient. People v. Foster, supra; People v. Brickman, 119 Cal.App.2d 253, 263, 259 P.2d 917. Furthermore, evidence of other acts of similar nature are admissible when not too remote in order to show guilty knowledge of the presence of narcotics by a defendant. People v. Torres, 98 Cal.App.2d 189, 192, 219 P.2d 480. Also, possession and knowledge that the object is a narcotic drug can be proven circumstantially. People v. Flores, 155 Cal.App.2d 347, 318 P.2d 65.

It should be observed that the New Mexico Statute, Sec. 54–7–13, and the California Statute, Sec. 11500, West's Annotated Health and Safety California Codes, in substance are similar. Sec. 54–7–13, N.M.S.A., 1953, provides:

> "Whoever, not being a manufacturer, wholesaler, physician, veterinarian, dentist, nurse acting under the direction of a physician, or an employee of a hospital or laboratory acting under the direction of its superintendent or official in immediate charge, or a common carrier or messenger when trans-

porting any drug mentioned herein between parties hereinbefore mentioned in the same package in which the drug was delivered to him for transportation, is found in possession thereof, except by reason of an order or prescription lawfully and properly issued shall be punished as hereinafter provided."

Sec. 11500, West's Annotated California Codes, provides:

"Except as otherwise provided in this division, no person shall possess, transport, import into this State, sell, furnish, administer or give away, or offer to transport, import into this State, sell, furnish, administer, or give away, or attempt to import into this State or transport a narcotic except upon the written prescription of a physician, dentist, chiropodist, or veterinarian licensed to practice in this State."

The state of California in 1959 amended Sec. 11500 by providing a special article prohibiting the planting, cultivating, harvesting and possession of marijuana and providing punishment for a previous conviction (Sec. 11530, Pocket Parts, West's Annotated California Codes), and by providing in another section the prohibition as to possession of narcotics other than marijuana (Sec. 11500, Pocket Parts, West's Annotated California Codes). New Mexico also has a special section prohibiting the possession, planting, cultivation and production of cannabis indica (Sec. 54–5–14, N.M.S.A., 1953).

The rulings of the California courts that knowledge is an element of the offense of possession remains as stated by the cases cited.

In State v. Nicolosi, 228 La. 65, 81 So.2d 771, 773, the court stated the rule as follows:

"Possession without knowledge of such possession is not possession in the legal sense of that word. See 33 Words and Phrases, Possession, pp. 73, 88. Knowledge is therefore an essential ingredient of the crime of possession of narcotics, and consequently the ruling of the trial judge was correct under Article 446 of the Code of Criminal Procedure, which reads:

" 'When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.' "

The rule in Louisiana, in part at least, may be governed by the statutory provision of Article 446, supra. See also State v. Johnson, 228 La. 317, 82 So.2d 24, 30, wherein the court said:

"The word 'possession' means simply the owning or having in one's power; to have and to hold as property; ownership, whether rightfully or wrongfully; actual personal control and care; the right of exercising acts of dominion. 33 Words and Phrases, Possession, p. 69.

"Unlawful possession, where one is invested with some right of dominion, can be defined as a possession which in the ordinary course of human experience necessarily involves knowledge of the fact that one is possessing either rightfully or unlawfully as well as knowledge of the criminal consequences which one should reasonably anticipate to result therefrom. For, no crime can exist without the combination of a criminal act and a criminal intent, or an evil motive, or with a guilty knowledge of its consequences. State v. Howard, 162 La. 719, 111 So. 72."

In People v. Winston, 46 Cal.2d 151, 293 P.2d 40, 44, the question was raised on the defendant's proposed instruction that knowledge of the narcotic character of the thing possessed is an essential ingredient of the offense charged. The court said:

"Defendant's fourth ground for reversal, in relation to the possession charge (count four), raises the most serious question. He offered an instruction informing the jury that knowledge of the narcotic character of the thing possessed is an essential ingredient of the offense charged. The court refused to give it but did give CALJIC No. 703: 'Within the meaning of the law a person is in possession of a narcotic when it is under his dominion and control and, to his knowledge, either is carried on his person or is in his presence and custody, or, if not on his person or in his presence, the possession thereof is immediate, accessible and exclusive to him.' This latter instruction was not sufficient for it did not include the essential element of knowledge of the narcotic character of the particular object possessed. While specific intent to violate the law is immaterial to a conviction for the unlawful possession of a narcotic, knowledge of the object's narcotic character—that is, 'knowledge that the facts exist which bring the act * * * within the provisions of [the] code'— is required."

People v. Gory, supra, and cases cited.

The court in the Winston case discusses People v. Gory, 28 Cal.2d 450, 170 P.2d 433, wherein the facts showed that defendant, a

prisoner at the Los Angeles County Honor Farm, shared living quarters with a group of prisoners in a bunkhouse. Each prisoner was issued a small metal box for storage of his personal effects. There was no way of locking the boxes, and during the day a guard was left in charge of the bunkhouse. Marijuana was found in defendant's box. At the trial defendant, charged with unlawfully having marijuana in his possession, testified that he "had never seen (the material) before the officers removed it from the box." The court then said:

"While there an instruction requiring the finding of a 'guilty knowledge' and a 'guilty intent' on the part of defendant to sustain his conviction was held to have been properly withdrawn from the jury's consideration, it was deemed erroneous to have rejected an instruction predicating a finding of guilt upon defendant's 'knowingly' having 'in his possession the objects charged in the information.' Accordingly, it was said, 28 Cal.2d at page 456, 170 P.2d at page 437: 'The word "knowingly" imports only a knowledge that the facts exist which bring the act or omission within the provisions of this code. It does not require any knowledge of the unlawfulness of such act or omission.' Pen.Code, § 7, subd. 5; People v. McClennegen, 195 Cal. 445, 469, 234 P. 91. Thus [the errone-ously rejected] instruction invoked the element of knowledge in the sense of defendant's *awareness of the presence* of the marijuana in the box given him for the storage of his personal effects at the prison farm and so presented to the jury an issue of fact determinative of defendant's guilt or innocence of the possession prohibited by statute."

The court continued, stating:

"Respondent argues that mere conscious possession of an object, not knowing its true character as a narcotic but honestly believing it to be an innocuous article, nevertheless comes within the purview of the narcotic possession law. To this point this language from the Gory case is cited, 28 Cal.2d at pages 455–456, 170 P.2d at page 436: 'The distinction which must be drawn, * * * is the distinction between (1) *knowledge of the character of the object and the unlawfulness of possession thereof* as embraced within the concept of a specific intent to violate the law, and (2) *knowledge of the presence of the object* as embraced within the concept of "physical control with the intent to exercise such control," which constitutes the "possession" denounced by the statute. It is "knowledge" in the first sense which is mentioned in the authorities as being immaterial but "knowledge" in the second sense is the essence of the offense.'

This distinction was meant to point out the difference between defendant's possession of marijuana with knowledge that it was in disregard of the law and therefore indicating his specific intent to violate the law, and defendant's possession of marijuana knowing its nature but innocent that its possession constituted a violation of the law. Thus, it was further said in the Gory case, 28 Cal.2d at page 457, 170 P.2d at page 437: 'Here the principal fact relied upon by the prosecution is the finding of marijuana in defendant's unlocked box and because of the denial by defendant of knowledge of its presence there, it was the duty of the trial court, on proper instructions, to submit to the jury the question as to whether defendant had knowledge of the presence of the marijuana.' "

The instruction found in CALJIC, Criminal, Pt. 7, No. 703, which cites People v. Winston, supra, is as follows:

"Within the meaning of the law, a person is in possession of a narcotic when he knowingly has the narcotic under his dominion and control, and, to his knowledge, it either is carried on his person or is in his presence and custody, or, if not on his person or in his presence, the possession thereof is immediate, accessible, and exclusive to him [, provided, however, that two or more persons may have joint possession of a narcotic if jointly and knowingly they have the dominion, control and exclusive possession I have described]."

We approve the statement in United States v. Rheams, 2 Cir., 1958, 257 F.2d 842, 843, wherein the following instruction to the jury was approved:

" * * * Thus, if you find that the defendant was acting merely as a messenger in the contemplated delivery of the package in question without knowledge of its contents, you must conclude that he therefore had no knowledge of the unlawful importation and is not guilty of the charge in count 1."

Our research discloses a Maryland case, Jenkins v. State, 1957, 215 Md. 70, 137 A.2d 115, which was a prosecution for illegal possession of a narcotic drug and unlawfully carrying a pistol. Jenkins was convicted and on appeal as to the narcotic charge he conceded that he had a narcotic drug in his possession, but argued that the evidence was insufficient to establish the fact that he knowingly had it in his possession. He contended that the circumstances bore out his contention that he merely found the drug in a package and did not know what it was and that the state failed to prove that he knew it was a narcotic drug that he had in his possession. The indictment in the Jenkins case did not allege that appellant willfully or knowingly

had the cannabis in his possession, but alleged that he illegally possessed the same. The statute under which he was charged, Art. 27, Sec. 346 (Code 1951), makes it "unlawful for any person to * * * possess, * * * any narcotic drug, except as authorized in this sub-title." The court held that [215 Md. 70, 137 A.2d 117]:

"Under an indictment for a violation of such a statute as is here involved it is not necessary to allege or prove the *scienter* unless, by the statute, it is made an ingredient that the thing prohibited shall be *knowingly* or *wilfully* done, to make the act an offense. Carroll v. State, 63 Md. 551, 554, 3 A. 29, 30."

In State v. Henker, 50 Wash.2d 809, 314 P.2d 645, defendant was charged with unlawful possession of a narcotic drug, convicted and appealed. Appellant claimed error and contended that the state was required to prove beyond a reasonable doubt, not only that Henker had knowledge of the existence of marijuana on his premises, but that the possession and control thereof was willful and intentional. The Washington statute, RCW 69.33.020 (cf. Laws of 1951, 2nd Ex.Sess., chapter 22, Sec. 2), under which appellant was charged, reads as follows:

"It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter."

The prior narcotics act, Laws of 1923, chapter 47, Sec. 3, p. 134, provided:

"It shall be unlawful for any person to sell, furnish, or dispose of, or have in his possession with intent to sell, furnish, or dispose of any narcotic drug or drugs, except upon the written and signed prescription of a physician regularly licensed to practice medicine and surgery * * *."

The court held that intent to sell was a necessary element of the crime of possession under the 1923 statute, and held further that had the legislature intended to retain guilty knowledge or intent as an element of the crime of possession, it would have spelled it out as it did in the previous statute. The omission of the words "with intent" evidences a desire to make mere possession or control a crime. Citing cases. The court then said [50 Wash.2d 809, 314 P.2d 647]:

"In the case at bar the trial court instructed the jury that the state must prove beyond a reasonable doubt that Henker knew he possessed marijuana and knew he had it under his control. No exception was taken by the state to this instruction, and it became the law of the case. State v. Hall, 1952, 41 Wash.2d 446, 249 P.2d 769. Appellant

thus received the benefit of the doubt as to whether the statute made knowledge an element of the crime with which he was charged."

People v. Mack, 12 Ill.2d 151, 145 N.E.2d 609, 612, was a prosecution for unlawful possession of heroin. The officers found in defendant's apartment 2.2 pounds of white powder stored in cans, bottles and glassine bags, a powder sifter, quantities of manite (described as a laxative powder commonly used to dilute narcotics), rubber gloves, paper sacks and other articles. The defendant denied ownership or knowledge of any of the articles found in the apartment, denied that he ever used or sold narcotics and stated that he had never been arrested or charged with any offense involving narcotics. The court held as follows:

"In State v. Nicolosi, 228 La. 65, 81 So.2d 771, 773, the court held: 'Possession without knowledge of such possession is not possession in the legal sense of that word * * * Knowledge is therefore an essential ingredient of the crime of possession of narcotics.' Based upon this and similar expressions found in People v. Savage, 128 Cal.App.2d 123, 274 P.2d 905, and People v. Antista, 129 Cal.App.2d 47, 276 P.2d 177, defendant asserts his guilt was not proved beyond a reasonable doubt because proof of his knowledge that heroin was in apartment 2F

is totally lacking. While we find no parallel in the decisions of this court, the authorities relied upon, together with People v. Gory, 28 Cal.2d 450, 170 P.2d 433, and People v. Bledsoe, 75 Cal.App.2d 862, 171 P.2d 950, reflect the majority view in narcotic cases that the prosecution may meet its burden of proving the knowledge essential to a conviction for possession by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of the narcotics at the place they were found. * * *"

■■ After a thorough consideration of the authorities reviewed, we are of the opinion and hold that, in a prosecution for possession of narcotics, it is incumbent upon the state to prove that the defendant had physical or constructive possession of the object or thing possessed, coupled with knowledge of the presence and narcotic character of the object possessed. So holding, the learned trial court was in error in refusing to grant defendant's requested instruction No. 1.

Our disposition of this case under point I makes it unnecessary to consider point II.

■ As to defendant's point III, suffice it to say that defendant's contentions are without merit. The court was judicious and considerate in his remarks to the jury. Indeed, it was the duty of the court in the

proper administration of justice and in superintendence of the trial proceedings to further instruct the jury as to any reasonable possibility of an agreement being reached. We cannot say that this was an abuse of discretion. State v. Moore, 42 N.M. 135, 76 P.2d 19.

For the reasons given, the case will be reversed and remanded to the district court for further proceedings in accordance with the views herein expressed.

It is so ordered.

McGHEE, C. J., and COMPTON, CARMODY and MOISE, JJ., concur.