198 So.2d 897

**STATE of Louisiana**

v.

**Lawless MARTIN.**

No. 48397.

May 1, 1967.

Rehearing Denied June 5, 1967.

Walter E. Doane, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

McCALEB, Justice.

Appellant was tried for possession of marijuana and convicted of attempted possession. Following imposition of sentence he prosecuted this appeal, relying on seven bills of exceptions reserved during the trial for reversal of his conviction.

Bill of Exceptions No. 1 was taken to the overruling of a plea of prescription filed

by appellant prior to trial. This plea was founded on the provisions of Articles 8 and 9 of our former Code of Criminal Procedure which was the law in effect at the time of the prosecution.[1] Under those Articles a three year prescriptive period is provided for the prosecution of all felony cases. Article 8 (R.S. 15:8) declares, in substance, that when three years elapse from the date of the filing of an indictment or a bill of information, the district attorney shall enter a nolle prosequi if the accused has not been tried and, upon failure to do so, the court may, on motion of the accused, cause such nolle prosequi to be entered the same as if entered by the district attorney. It further provides that the prescription is not to apply to an accused person who is a fugitive from justice " * * * or who has escaped trial through dilatory pleas, or continuances obtained by him or in his behalf".

Article 9 of the Code of Criminal Procedure provides in essence that, whenever it shall be established to the satisfaction of the Court in which a criminal prosecution is pending that prescriptive periods (three years in this case) have elapsed since the last date upon which any steps have been taken by the State in such prosecution and the district attorney has not entered his nolle prosequi, " * * * the

court shall order the dismissal of said prosecution, and the same shall not thereafter be revived."

We have had occasion in the past to explain the difference between these two Articles, dealing with the prescription upon trials. In State v. Bradley, 227 La. 421, 79 So.2d 561 it was held that the provisions of Article 9 of the former Code are mandatory and that, whenever the State permits three years to elapse in a felony case without having taken a prosecutive step in the proceeding, the charge must be dismissed by the court.

On the other hand, it was stated in that authority that enforcement of the three-year prescription accruing in felony cases under Article 8 is not mandatory as the language of the Article vests the judge with discretion of determining whether or not he will order a nolle prosequi to be entered in the event the district attorney fails or neglects to do so. Moreover, since the Article declares that it shall not apply or extend to an accused who has absconded, or is a fugitive from justice or who has escaped trial by dilatory pleas or continuances obtained in his behalf, the trial judge must determine its relevance to the case.

In the case at bar, the bill of information was filed on July 22, 1959 and

1. These Articles were repealed by Act 25 of 1960 (now Articles 578–582 of the new Code of Criminal Procedure). That Act provided that prosecutions instituted prior to the effective date thereof shall be governed by the provisions contained in R.S. 15:8 and 15:9.

appellant was arraigned on September 1, 1959. From that time on, the minute entries show a series of continuances obtained by the State and the defense during 1959, 1960, 1962 and, lastly, on May 29, 1964. The plea of prescription was filed on July 14, 1964. Of these continuances, appellant obtained four (October 27, 1959, March 24, 1960, July 16, 1962 and May 29, 1964). The district judge cited these continuances as the ground for holding the provisions of Article 8 inapplicable, being of the view that appellant, by his own action, had escaped trial on the days the continuances were granted. Since the record does not affirmatively show that these continuances were secured for a lawful cause and not for purposes of delay, the ruling is correct. Cf. State v. Truett, 230 La. 955, 89 So.2d 754.

It is also manifest that Article 9 of our former Code of Criminal Procedure is not applicable. The minutes show that at no time during the five years between the filing of the information and the trial of the case did the State allow three years to elapse without taking a prosecutive step in the proceeding.

The plea of prescription was properly overruled.

Bill of Exceptions No. 2 was taken to the court's action in sustaining the objection of the State to a question propounded by defense counsel to a prospective juror on his voir dire examination, concerning the verdict returned by the jury in the last criminal case in which said juror had served.

■ The bill has no substance. Under Article 357 of our former Code of Criminal Procedure (R.S. 15:357), it is stated that the purpose of examination of jurors is to ascertain the qualification of the juror in the trial of the case in which he has been tendered and examination is to be limited to that purpose. Obviously, the question propounded by defense counsel, as to a verdict rendered in another criminal *proceeding on which the prospective juror* had served, was irrelevant to the ascertainment of the juror's qualifications to serve in the case at bar. See State v. Swain, 180 La. 20, 156 So. 162; State v. Odom, 247 La. 62, 169 So.2d 909 and authorities there cited, and State v. Oliver, 247 La. 729, 174 So.2d 509.

Bill of Exceptions No. 3 recites that it was taken when the judge refused defense counsel's request to have a State witness, Officer Leaber of the New Orleans Police Department, produce his police report for the purpose of cross-examination. The per curiam of the judge states that the request was made before the witness had testified. However, the minutes show that the report was requested during cross-examination of the police officer.

■ We find it immaterial whether the request was made prior to or during the

officer's cross-examination. For, in either case, the bill is without merit because the defense failed to lay a proper foundation for oyer of the police report. The jurisprudence is now well settled that the State is not required to permit inspection of a police report or a prior statement for use in cross-examination of a State witness for impeachment purposes unless the accused first shows that the report indicates that one or more of the material statements therein are contrary to the sworn testimony of the witness. State v. Weston, 232 La. 766, 95 So.2d 305; State v. Sbisa, 232 La. 961, 95 So.2d 619 and State v. Cooper, 249 La. 654, 190 So.2d 86.

Bill No. 4 sets forth that it was taken when Enno Schoenshardt, a City of New Orleans chemist, was permitted to testify as an expert, over objection, respecting his findings from a chemical analysis made of the evidence used in the case. The trial judge states in his per curiam that he refused to sign this bill because the transcript of the evidence and also the minutes reflect that no bill was reserved to his ruling that Schoenshardt was qualified to give expert testimony.

The judge is apparently mistaken in this statement for the record shows that his signature is appended to the bill and the minute entry of August 31, 1966, declares "The Court this day signed seven (7) Bills of Exception and seven (7) Per Curiams to same".

■ Nevertheless, we find no merit in the bill as the evidence attached thereto reveals that the trial judge properly found that Schoenshardt was qualified to give expert testimony concerning his chemical analysis of the evidence seized by the police which he found to be marijuana. The witness as a graduate of Louisiana State University and has been certified for the position of State Chemist by the City Civil Service Commission. In addition to this, he has taught chemistry in high school and has done considerable laboratory analytical work for some time. Under the jurisprudence of this Court, it is within the province of the trial judge to decide whether witnesses offered as experts are to be heard in that capacity and his ruling will not be disturbed on appeal unless it clearly appears that he has ruled erroneously. R.S. 15:-466; State v. Carter, 217 La. 547, 46 So.2d 897; State v. Nicolosi, 228 La. 65, 81 So. 2d 771 and State v. Mills, 229 La. 758, 86 So.2d 895.

■ Bill of Exceptions No. 5 was reserved to the introduction in evidence of State Exhibits 1 through 18, over appellant's objection. These exhibits consist of several packages of marijuana cigarettes and other paraphernalia found in a bucket at the Pair-A-Dice Bar, where appellant was the bartender.

Appellant's objection to the reception of the cigarettes in evidence was based on the ground that the flap of the envelope

containing the cigarettes was open when the evidence was removed from the safe in which it had been deposited by John Danneker, the former City Chemist, who had died since receiving the evidence.

Schoenshardt testified that, when he took the brown envelope containing the marijuana cigarettes out of the safe to analyze the contents, the flap of the envelope was not sealed. However, the State proved that only Dr. Danneker had the combination to the safe in which the cigarettes were locked and that, after his death, the safe was opened only once and then in the presence of Dr. Danneker's daughters, Dr. Gardiner (the Director of Public Health), a Mr. Reimer and a Mrs. Pancamo, in order to remove therefrom four letter-sized envelopes marked "personal property" of the decedent. Afterwards, the safe was closed and locked and, subsequently, a lock and key man was employed, who changed the combination to the safe in the presence of Mr. Reimer and Dr. Gardiner. The new combination was given to Mr. Reimer in a sealed envelope by the lock and key man and the former kept this envelope locked in his desk drawer until the new City Chemist, Mr. Schoenshardt, was appointed, at which time the new combination to the safe was given to Schoenshardt by Reimer.

In view of the foregoing circumstances and the further fact that every one of the marijuana cigarettes was identified at the trial as bearing the initials of either Officer Verdi, Officer Weber or Officer Leaber, the three officers who seized the cigarettes in the bar, marked them and delivered them to the City Chemist, it clearly appears that the proper foundation was laid by the State for the introduction of the cigarettes in evidence.

We therefore hold that this bill is without substance.

■ Bill of Exceptions No. 6 was taken to the refusal of the judge to give to the jury seven special charges requested by defense counsel. The judge states in his per curiam that he rejected the special charges because they were either contained in his general charge or required qualification, limitation or explanation. Since the general charge was not attached to and made part of the bill and is not contained in the record, the bill presents nothing for review.

Article 390 of our former Code of Criminal Procedure, which was applicable to the trial in this case, provides that requested charges need not be given when they are contained in the general charge or if they require qualification, limitation or explanation.

■ Bill No. 7 was reserved to the overruling of a motion for a new trial. In this motion, appellant sets out seven reasons why a new trial should be granted. Of these, three have been discussed and

disposed of in the bills heretofore considered and the last ground is that the verdict is contrary to the law and the evidence, which presents nothing for our review.

It is contended in paragraph 2 of the motion for a new trial that the court erred in failing to grant a continuance because of the absence of appellant's only witness, who was not available. Since appellant failed to object to the overruling of the motion for a continuance and did not reserve a bill at the proper time, he has acquiesced in the ruling of the court and his complaint cannot now be considered. See Article 510 of our former Code of Criminal Procedure.

In the same category is paragraph 5 of the motion for a new trial, in which appellant contends that the court erred in failing to permit him to show the disposition of the charges against other persons present in the barroom when appellant was arrested. Since appellant did not object to the ruling at the time it was made, he is held to have acquiesced therein.

In paragraph 6 of the motion prejudicial error is claimed because of the failure of the State to prove that appellant had marijuana gleanings in his clothing notwithstanding that the State, in answer to a motion for a bill of particulars, had set forth that it would prove that appellant's clothing did contain such gleanings. It is difficult to understand how appellant was prejudiced by the failure of the State to submit evidence to establish every fact it alleged it intended to prove in its answer to the bill of particulars. Suffice it that the State offered some evidence to show appellant's possession of marijuana cigarettes as charged which satisfied the jury that he was guilty of attempted possession, a lesser offense.

The motion for a new trial was properly overruled.

The conviction and sentence are affirmed.

HAWTHORNE, Justice (concurring in part).

I subscribe to the opinion as to all bills of exception except Bills Nos. 1 and 3, and as to these I concur in the result.