The People of the State of Illinois, Plaintiff-Appellee, *v.* Ruby Reeves, Defendant-Appellant.

(No. 54897;

First District—April 13, 1971.

Joel H. Kaplan, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Arthur Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant was convicted in a bench trial of unlawful possession of narcotic drugs (Ill. Rev. Stat. (1969), ch. 38, par. 22—3), and sentenced to one year's probation. Defendant appeals and contends that she was not proven guilty beyond a reasonable doubt.

*OFFICER BIJON,* testified on behalf of the State:

He is in charge of the "cage" at Cook County Jail. On September 9, 1960, he saw defendant bring in a bundle of clothes for her brother who was then an inmate of the jail. Normal procedure is to search packages brought to prisoners. In searching defendant's bundle, he discovered a small package in a sweater. (The prosecutor then read into the record the fact that the crime laboratory had determined the foil packet contained 2.8 grams of marijuana).

On cross-examination he testified that he didn't know whether the sweater was on top or at the bottom of the bag. The sweater which had been bundled up in the bag was black and the packet was found in the top pocket. After discovering the packet he called the deputy warden because he didn't know what it was. The deputy warden sent down an officer who took defendant upstairs where they advised her of her rights. He was also called upstairs. Defendant related to him that she had no knowledge of the marijuana.

*RUBY REEVES,* testified on her own behalf:

On September 9, 1969, she was visiting her older brother in the jail and had brought some clothes for him from her mother's house. She doesn't live with her mother, but her older brother does. The clothes belonged to her older brother. The clothes were given her by her younger brother. She also obtained the paper bag at her mother's house.

She remembers the black sweater which was placed on top in the bag. She took the bag to the jail, but since the "bundle room" was crowded she took the bag directly upstairs and checked it with an officer who gave her a receipt. She then visited her brother after which time, she returned to claim the bag. However, she had to wait for the officer to return in order to claim the bag. The bag had been left in a large open check area. After the officer returned she claimed the bag and proceeded downstairs to the "bundle room" where it was searched.

She had brought clothes to her brother in jail on two previous occasions and had noticed that on both prior occasions the bundles had been searched. She did not commit this crime.

After hearing the above testimony, the trial court found defendant guilty of unlawful possession of narcotic drugs and sentenced her to one year's probation.

Defendant contends that the State failed to prove her guilty beyond a reasonable doubt because there was no showing that she had knowledge of the presence of marijuana in the sweater pocket.

Par. 4—2 (Ill. Rev. Stat., 1969, ch. 38) provides:

"Possession is a voluntary act if the offender knowingly procured or received the thing possessed, or was aware of his control thereof for a sufficient time to have been able to terminate his possession."

In *People v. Pigrenet*, 26 Ill.2d 224, 227, the court cited *State v. Nicolosi*, 228 La. 65, 81 So.2d 771:

" 'Possession without knowledge of such possession is not possession in the legal sense of that word * * * Knowledge is therefore an essential ingredient of the crime of possession of narcotics.' "

The court in *Pigrenet* further stated:

"[A]lthough the element of knowledge is seldom susceptible of direct proof it may be proved by evidence of acts, declarations or conduct of the accused from which the inference may fairly be drawn that he knew of the existence of the narcotics at the place where they were found."

While in the present case it is undisputed that defendant had possession of the marijuana at the time of the search, the State has failed to present any facts to show that defendant knew of the presence of the marijuana. Nor can such knowledge be inferred from defendant's acts, declarations or conduct.

Defendant testified that she was given the clothes by her younger brother; that the clothes were packed in a bag at her mother's house and that she had no knowledge of the presence of marijuana. Also persuasive of defendant's lack of knowledge was her testimony that she had seen the bundles searched at the jail on two prior occasions when she had delivered clothes to her brother. The State chose not to cross-examine her. The inference to be drawn from the facts is that she had no knowledge of the presence of the marijuana.

The State asserts that as long as the facts demonstrate the defendant could or should have known of the presence of marijuana, that is sufficient to sustain conviction.

In support of this contention, the State cites *People v. Davis* (1965), 33 Ill.2d 134. In that case the heroin was found in a tinfoil packet in plain sight on the floor of the driver's side of the car where defendant had been sitting. However, in the present case, the marijuana was inside the pocket of the sweater and not readily discernable. It is readily apparent that the inferences in the present case are clearly distinguishable from those in the *Davis* case.

Therefore, we find that defendant was not proven guilty beyond a reasonable doubt. Since we have determined to reverse we need not discuss defendant's other contentions as they further pertain to the issue of reasonable doubt.

Judgment reversed.

LEIGHTON, P. J., and McCORMICK, J., concur.