SANDERS, Chief Justice.
Defendant, who was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62, was convicted by a jury and sentenced to serve fifteen years at hard labor as a multiple offender. During the course of trial, defendant reserved eight bills of exceptions. These eight bills are the basis of three assignments of error on appeal.
At approximately 4:45 a. m., on November 24, 1973, Elwood Wehrwein, his wife Marilyn, and their daughter, Ruth, who live at 2515 Carondelet Street in New Or *327 leans, were awakened by dogs barking; investigating, they saw a man and a boy on the roof of an adjacent restaurant. The Wehrweins called the police. During the half hour or more that it took for the police cars to arrive, Mr. and Mrs. Wehr-wein and their daughter saw the two individuals try various windows and break the glass in a door, and saw the man lift the boy through the broken window in the door into the restaurant building. Because of the distance, the Wehrweins were unable to distinguish the features of the two burglars or to hear their voices; however, the lighting was good and they observed their clothing and general appearance.
When the police cars arrived, the two burglars were still present. As the officers alighted from their vehicle and approached the restaurant, Ruth Wehrwein saw the man, Donald Kuykendall, jump off the roof, fall, and, apparently injuring himself from the fall, lean against an air conditioning unit. He was arrested there by Officer Firmin. Officer Stoltz testified that he saw the boy jump from the roof; he chased the boy and arrested him.
ASSIGNMENT OF ERROR NO. 6
Defendant argues that the lower court erred when it sustained the State’s objection to the following defense question to a police officer on cross-examination : “Do you recall what she [Ruth Wehrwein] told you that she observed ?”
Defendant argues that Ruth Wehrwein’s testimony was critical to the case presented by the State, since she was the only witness who testified that she saw one of the burglars jump off the roof and then be apprehended by a police officer. Defense counsel admits that the testimony of the officer is hearsay, but argues that it is admissible for impeachment purposes, since Ruth Wehrwein had already testified.
At trial Ruth Wehrwein testified that when the police officers arrived at the scene of the crime “the tall guy jumped off the roof and he fell on the ground, and he busted his knee and stood against the air conditioning unit.” The witness then indicated on a photograph the window in her house at which she was standing when she saw the defendant, Kuykendall, jump from the nearby roof, and also marked the air conditioning unit against which he leaned. Thereafter, she stated that she observed Officer Firmin arrest the man who had jumped from the roof, while the latter was leaning or sitting on the air conditioning unit.
During cross-examination, Ruth Wehr-wein testified that after the police arrived, she told one of them she had seen two people on top of the roof trying to break in, and when asked by defense counsel, “Did you tell him that you saw them jump off the roof,” the witness responded, “No, he didn’t ask me.” Later, in cross-examination, when asked by defense counsel again whether she had told one of the arresting officers that she had seen someone jump off the roof, she said, “I can’t recall if I did or not.”
Miss Wehrwein had freely admitted to the jury that she had not told the police on the date of the burglary that she had seen Kuykendall jump from the restaurant roof at the approach of the officers, resulting in his arrest by Officer Firmin. Since the witness freely admitted making the prior statement, nothing in either LSA-R.S. IS :493, describing the foundation necessary for proof of a prior contradictory statement, or in the jurisprudence of this State sanctions the introduction of the testimony.
This assignment of error lacks substance, and is, therefore, without merit.
ASSIGNMENTS OF ERROR NOS. 5 AND 7
Defendant alleges that the lower court erred in refusing to order the State *328 to produce in court, for the purpose of cross-examination, the police reports made by Officer Firmin and Officer Stoltz, the arresting officers. Neither officer had the report with him in court.
This Court has held that a trial court, under these circumstances, need not order the production of a police report to be used to cross-examine an officer, unless the defendant shows that the report is inconsistent with the officer’s in-court testimony. State v. Tharp, 284 So.2d 536 (1973); State v. Franklin, 263 La. 344, 268 So.2d 249 (1972); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972); State v. Nails, 255 La. 1070, 234 So.2d 184 (1970); State v. Whitfield, 253 La. 679, 219 So.2d 493 (1969); and State v. Martin, 250 La. 705, 198 So.2d 897 (1967). Since there is no showing that the officers’ in-court testimony differed from their reports, the defendant was not entitled to have the reports produced for purposes of cross-examination.
ASSIGNMENT OF ERROR NO. 4
Defendant alleges that the lower court erred when it sustained the State’s objection to the following question asked by defendant on the cross-examination of Mr. Wehrwein: “Now, with regard to what you observed on that other roof, did you notice the approximate ages of the people on the roof?”
Defendant argues that the State was permitted to ask Ruth Wehrwein to approximate the ages and that she was allowed to answer; therefore, the defendant should have been able to obtain an answer from Mr. Wehrwein. Assuming that error was committed, the error was harmless. LSA-C.Cr.P. Art. 921. As stated in defendant’s brief to this Court,
“It will be recalled that no witness at the trial identified appellant here, Donald Kuykendall, as being one of the two persons on the roof. All three members of the Wehrwein family observed him at the trial, yet none were willing to testify that this was one of the men on the roof.”
The identification of the defendant by the Wehrweins was not in issue here, as they were never called upon to identify the defendant. All three testified that they had seen two individuals on the roof, one considerably taller than the other. Ruth Wehrwein testified that the taller one jumped from the roof and was the same person who was leaning against the air conditioning unit when the police officer arrived on the scene and arrested him. While error may have been committed in disallowing the question, especially since the State was allowed to ask the same question of Ruth Wehrwein without objection, the alleged error was harmless.
This assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs, being of the opinion that the majority is in error in its narrow interpretation of the circumstances under which a police report must be produced. See State v. Tharp, 284 So.2d 536 (La. 1973), and the opinions which followed, all holding that if the police report has been used to refresh the memory or is past recollection recorded, it must be produced for full cross-examination purposes.